ALEX DRAKE *et al.,* AS COMMISSIONERS, AND M. E. HOUGHTON, AS TAX COLLECTOR OF THE TOWN OF LAKE WORTH, *Appellants,* v. A. H. THOMAS, *et al., Appellees.*

Opinion filed August 5, 1922.

Under the Charter of the Town of Lake Worth and Section 1894 of the Revised General Statutes, the Town of Lake Worth is not authorized to have published in a newspaper in the City of West Palm Beach the delinquent tax lists for non-payment of taxes assessed by the Town of Lake Worth. Payment by the Town for such publication is properly enjoined, and sales of lands in the Town of Lake Worth pursuant to such publication in the City of West Palm Beach should be enjoined.

An Appeal from the Circuit Court for Palm Beach County; E. C. Davis, Judge.

Affirmed in part; reversed in part.

*Blackwell, Donnell & McCracken,* for Appellants;

*H. L. Bussey,* for Appellee.

WHITFIELD, J.—It appears that in a suit brought by tax paying citizens alleging that the delinquent tax list of real property in Town of Lake Worth, Florida, upon which municipal taxes for 1920 were assessed and unpaid, was being published in a newspaper in another municipality, viz: In the City of West Palm Beach, Florida, though there was a newspaper being published in the Town of Lake Worth, the chancellor restrained the city officials from paying for such tax list publication in the City of West Palm Beach from the funds of the Town of Lake Worth, but declined to enjoin sales of property for taxes under such publication of notice. The defendants appealed and assigned as error the order restraining payment for the publication, while the appellees assign as cross-error the portion of the order declining to restrain sales under the publication.

Section 1 of Article XII of Chapter 7665, Acts of 1917, being the charter Act of the Town of Lake Worth, Provides: ''All laws now in force for the government of cities and towns, except in so far as they conflict with the provisions of this Act, shall apply to the said Town of Lake Worth and the officers thereof.''

Section 1894 Revised General Statutes of 1920, is as follows: ''The tax collector of any incorporated city or town, if there be no newspaper published within the said city or town, shall advertise the sale of any lands levied on for taxes by three written notices posted in three public places in said city or town.''

The charter Act of the Town of Lake Worth contains no specific provision on the subject, therefore the general law contained in Section 1894 Revised General Statutes of 1920 controls, and the publication in the City of West Palm

Beach of the delinquent tax list of lands in the Town of Lake Worth was unauthorized.

That portion of the order appealed from which restrains payment by the Town of Lake Worth for the publication of the delinquent tax list made in the City of West Palm Beach is affirmed; but the portion of the order declining to restrain sales of lands in the Town of Lake Worth pursuant to a delinquent tax list published in the City of West Palm Beach is reversed.

It is so ordered.

BROWNE, C. J. AND TAYLOR, ELLIS AND WEST, J. J., concur.