EDWARD H. ARMSTRONG, individually and as Mayor-Commissioner, Commissioner-at-Large and Member of the City Commission of the City of Daytona Beach, *et al.,* v. RALPH W. RICHARDS, individually and as City Commissioner and Member of the City Commission and as a Citizen and Taxpayer of the City of Daytona Beach, a Municipal Corporation under the laws of the State of Florida, etc., *et al.*

175 So. 340.

Opinion Filed May 28, 1937.

Rehearing Denied July 7, 1937.

*Leon J. C. Harton, H. B. Hodgden* and *John S. Byington,* for Appellants;

*George M. Powell* and *Millard B. Conklin,* for Appellees.

BUFORD, J.—The appeal brings for review an order denying motion to strike portions of an amended bill of complaint and motion to dismiss amended bill of complaint.

The bill of complaint is voluminous.

The suit was instituted by the appellees in the court below, one as a City Commissioner and the other as a former City Commissioner, and as citizens and taxpayers of Daytona Beach, a Municipal Corporation, as a class suit to require the appellants to account for and pay over to the City of Daytona Beach certain sums of money which were alleged in the bill of complaint to be the property of the City of Daytona Beach and had been fraudulently and unlawfully withheld from the City by the appellants pursuant to a conspiracy to so defraud the City of Daytona Beach.

If the allegations of the bill of complaint are true, the appellants, or some of them, have received and converted to their own use certain large sums of money, the property of the City of Daytona Beach, and for which they should be required to account to the City of Daytona Beach.

Motion to dismiss admits all the allegations of the bill of complaint which were well pleaded. Its verbosity is the chief infirmity of the bill of complaint. Aside from the sufficiency of the bill of complaint to state a cause of action which could not be seriously questioned, the only other two questions which command our determination at this time are, (1) May the appellees maintain such a suit in their

capacity as officer and former officer of the City, and as citizens and taxpayers of the City, on behalf of themselves and other citizens and taxpayers of the City? The second question is (assuming the one just stated to be answered in the affirmative), Did the complainants have an adequate and complete remedy at law to recover the amounts claimed to be due to the City from the defendants in the court below?

It is too well settled to be seriously questioned that a taxpayer has the right to maintain a suit against officers who have squandered or dissipated public funds, or who have unlawfully disposed of, or are about to dispose of, public funds. McQuillin on Municipal Corporations, Vol. 5, Sec. 2582; Valentine v. Robertson, 300 Fed. 521; Chamberlin v. Tampa, 40 Fla. 74, 23 Sou. 572. In the latter case it was held:

"Courts of equity have jurisdiction to restrain municipal corporations and their officers from making unauthorized appropriations, or otherwise illegally or wrongfully disposing of the corporate funds, to the injury of property holders and taxpayers in the corporation, and a bill for this purpose is properly brought by an individual taxpayer on behalf of himself and other taxpayers in the municipality." 19 R. C. L., Sec. 441, page 1167. See also Anderson v. Fuller, et al., 51 Fla. 380, 41 Sou. 684; Drake, et al., v. Thomas, 84 Fla. 177, 92 Sou. 878.

Assuming that it is settled that the taxpayer may maintain the suit to compel the return to the public treasury of moneys which have been unlawfully withheld from the treasury officials, or others in conspiracy with officials, it appears to follow, necessarily, that suit must be instituted and maintained in equity because as a taxpayer the claimant has no right to recovery in his own behalf against the defendant, but he must recover, if at all, a judgment or decree which will require the wrongdoer to return to or pay over to the

564

municipality that which such wrongdoer has misappropriated or unlawfully withheld from the public treasury. Certainly there can be no difference in the basic principles upon which rests the right of a taxpayer to enjoin *ultra vires* acts of public officers and those in collusion with them, and upon which rests the right of the taxpayer to require an accounting from and disgorgement by public officers and those in collusion with them.

In the case of Gillespie, *et al.*, v. Gibbs, *et al.*, 147 Ala. 499, 41 Sou. 868, the Supreme Court of Alabama said:

"The suit is in reference to corporate property and alleged corporate conduct. Ordinarily the corporation itself would be the proper complainant to bring such suit, but being under control of officers who were united in the project of misapplying corporate funds, the right to prevent such injuries to the corporation by the institution of suits such as this by the taxpayers of the town is undoubted, and it is fully recognized; but the municipal corporation in its corporate capacity is a necessary party defendant to the proceeding, when it is not a plaintiff."

The order appealed from was without error and should be affirmed. It is so ordered.

Affirmed.

ELLIS, C. J., and TERRELL, BROWN and DAVIS, J. J., concur.

DAVIS, J. (concurring).—The holding in this case is nothing more than saying that courts of equity as well as law may grant redress under the circumstances heretofore discussed by us in First Nat. Bank v. Filer, 107 Fla. 526, 145 Sou. Rep. Page 204, with reference to liabilities of public officers to taxpayers and others.