141 So.2d 278 (1962)
N.C. BRANDON, William Mettler, John B. Immel, Val Gottschling, and D.H. Colville, Appellants,
v.
COUNTY OF PINELLAS, Florida, a political subdivision of the State of Florida, Appellee.
No. 2519.
District Court of Appeal of Florida, Second District.
May 18, 1962.
C.I. Carey of Carey & Harrison, St. Petersburg, for appellants.
J.D. Hobbs, Jr., of Cramer & Hobbs, St. Petersburg, for appellee.
SMITH, Judge.
This appeal was initially taken to the Supreme Court but after hearing, that court determined that it was without jurisdiction and, pursuant to Florida Appellate Rule 2.1, subd. a(5) (d), 31 F.S.A., transferred the cause to this court. Brandon v. Pinellas County, Florida, Fla.Sup. 1961, 128 So.2d 605.
The appellants, as plaintiffs, filed their complaint against Pinellas County, alleging, in effect, that the County was the owner of property lying near the entrance to Tampa Bay from the Gulf of Mexico in the County that was vacant and undeveloped; *279 that the County adopted a resolution initiating the procedure which ultimately resulted in the issuance and validation of $16,800,000.00 worth of "Bayway" bonds; that the bonds were issued by the Florida Development Commission; that the funds were to be used in building and extending the public road system of the state; that in its initial resolution the County requested the Development Commission to offer the bonds for sale simultaneously with, and conditioned upon the sale by the County of Mullet Key Development bonds; that the County abandoned the declared plan for issuing the Mullet Key Development bonds, which were essential pre-requisites of the issuing of the Bayway bonds, and as a substitute for the Mullet Key Development bonds, the County entered into a contract with Terra Verde Corporation for the issuance by the County, and the purchase by that private corporation, of revenue certificates to provide the County with the first essential items for the development of the County-owned lands, which was named Fort DeSoto Park; that the County also entered into a second contract pertaining to the supplying of water to Fort DeSoto Park and to the private corporation's lands, which was an unlawful grant of an exclusive water franchise to the private corporation; and, that this contract set up a plan to serve the interest of a private corporation by the use of public credit and tax resources of the County. The complaint then concludes that both of the contracts were a scheme and plan to make available County resources to develop large property values for the corporation and that the second contract was, in effect, a private franchise for the benefit and protection of the corporation and that all of the same was contrary to the Statutes and Constitution of Florida. The complaint attached copies of the two contracts. The County moved to dismiss, and the Court entered a comprehensive order in which the Court found, in effect, that the decree which validated the Bayway bonds expressly determined that the Bayway project was for a proper and valid purpose; that the revenue certificates were issued for a valid public purpose; that the second contract was not a grant of a franchise and was not a pledge of the credit and tax resources of the County; and, that the complaint did not state a cause of action.
In passing on a motion to dismiss, the court must assume all facts alleged in the complaint to be true. However, every material fact essential to establish the right to equitable relief must be clearly and definitely pleaded. Mere statements of opinions or conclusions unsupported by specific facts will not suffice. Cook v. Central and Southern Florida Flood Control District, Fla.App. 1959, 114 So.2d 691. The conclusion of the pleader as to the meaning of the contracts attached to the complaint as an exhibit is not binding on the court. 41 Am.Jur. 328, Pleading, § 57. The presumption that public officials have done their duty may not be overcome by the mere allegation that the project traverses and will thereby enhance the value of privately owned lands. The allegations to this effect are categorical. No facts are pleaded as were the circumstances in Whitney v. Hillsborough County, 99 Fla. 628, 127 So. 486. The legislative authority of the County to do and perform the things set forth in the two contracts is found in Chapter 29442, Sp. Laws of Florida, Acts of 1953 and Chapter 59-1736, Sp. Laws of Florida, Acts of 1959.
The courts have in numerous cases approved as a public purpose the development of recreational facilities, State v. Daytona Beach Racing and Recreational Facilities District, Fla.App. 1956, 89 So.2d 34, and the mere fact that someone engaged in private business for private gain will be benefited by every public improvement undertaken by a governmental agency does not deprive such improvement of its public character. An incidental use or benefit which may be of some private benefit is not the proper test in determining whether or not the project is for a public purpose. State v. Board of Control, Fla.App. 1953, 66 So.2d 209.
*280 The fact that the water transmission main was to be constructed by a private company and that it might be purchased by the county in the future, as set forth in the contract, does not obligate the county to make the purchase and the contract, therefore, is not a pledge of the credit of the county. The water contract gives the private corporation the power to distribute water on its own lands. This is not a franchise. 23 Am.Jur., 715, Franchises, § 2. The fact that the initial resolution authorizing the Bayway bonds refers to the proposed simultaneous issuance of Mullet Key Development bonds, and the fact that the County subsequently issued Fort DeSoto Park Facilities Revenue Certificates, becomes of no significance when the contracts are examined because they are simply different names for the same thing.
The decree is affirmed.
SHANNON, C.J., and ALLEN, J., concur.