WHITE, Judge.
Florida Real Estate Commission seeks reversal of an order dismissing its complaint with prejudice. The Commission sought to enjoin the defendants from causing to be published and circulated outside the State of Florida certain real estate advertising which had not been cleared through the Commission pursuant to Fla.Stat. § 475.51 (1), F.S.A.[1], and which allegedly conveyed false or misleading information.
We think the complaint, which is documented by numerous exhibits, states a jus-ticiable case. It alleges that the defendants had been circulating false and misleading advertising and that on June 30, 1960 the Commission, pursuant to said § 475.51, F.S.A., issued a notice to the defendants that the plan of development by Indian Lake Estates, Inc. lacked the safeguards required by that section of the statutes; that the defendant Indian Lake Estates, Inc., through its president defendant, Anthony Maisano, responded by filing an affidavit to the effect that all publication of such advertising material had been stopped and that no further publication would be permitted unless and until it was approved by the Commission. The complaint further alleged that thereafter on February 24, 1962, the defendants did publish or cause to be published outside the State of Florida the proscribed advertising, and that the Commission was informed of this promotional advertising by one William Fagan of Brooklyn, New York, a recipient of the advertising material and a stockholder in Alaska Oil and Mineral Company, which corporation totally owned the stock of Indian Lake Estates, Inc. The advertising material mailed to William Fagan was attached to the complaint.
It appears further from the complaint that none of the advertising in question was filed with the Commission or accepted by it as contemplated by said statute, and that Indian Lake Estates, Inc. has never removed the objections to its plan of development which existed at the time the notice of advertising denominated “false or misleading” was filed.
The chancellor’s order of dismissal of the complaint apparently was predicated on his approval of the defendants’ contention that the circulation of 'the advertising material outside the State of Florida to none other than stockholders of Alaska Oil and Mineral Company was not “publication” because it was not disseminated to the general public. Although the argument is plausible, we think it runs counter to the spirit and intendment of the statute and is therefore untenable.
It is conceded that the circulation and delivery of the material in question was to induce said stockholders of Alaska Oil and Mineral Company to purchase lands owned by Indian Lake Estates, Inc. We are constrained to the view that even limited delivery of written or printed matter outside the State of Florida, when the object is to induce a person or persons to acquire an interest in lands located in Florida, may constitute “publication” within the meaning of the statute so long as the means of publication is among those spelled *669 out by the statute. The crux of the statute is the purpose for which the information is disseminated rather than the extent of dissemination; otherwise the purpose of the statute would be defeated. Existing stockholders of the parent corporation, as in this case, are not for that reason outside the protective range of the statute.
It is notable in this connection that § 475.-52, F.S.A. grants the Commission authority to adopt rules, issue notices and such orders as may be necessary for the enforcement of §§ 475.47 and 475.51, together with the right to seek injunctive relief as prescribed by § 475.39. The Commission followed the procedure outlined by the statute.
The defendant appellees contend that the acts complained of are shown to have been committed by Alaska Oil and Mineral Company, a separate corporate entity, and that the complaint failed to allege any facts showing that the defendants published or caused to be published the material in question. They insist that the material was mailed in New York in envelopes marked Alaska Oil and Mineral Company. The Commission alleges on the other hand that these acts were caused to be committed by the defendants, viz., by and with the consent and knowledge of the defendants; and these allegations raise issues to be resolved by evidence.
The exhibits to the complaint disclose that replies to the solicitations were to be made to Indian Lake Estates, Inc., not Alaska Oil and Mineral Company. The land is owned by Indian Lake Estates, Inc. and a travel certificate giving a $250.00 credit for trav-elling expenses, together with a lot certificate allowing a further $950.00 credit toward the purchase of a lot, were to be presented to and honored by defendant Indian Lake Estates, Inc. and not by Alaska Oil and Mineral Company.
The substance of the complaint in this case is not confined to mere statements of opinions or conclusions unsupported by allegations of specific fact. It is on the contrary replete with allegations of ultimate fact, and it is elementary that in passing on a motion to dismiss the court must assume all the facts alleged to be true. Brandon et al. v. County of Pinellas, Fla.App. 1962, 141 So.2d 278.
The conclusion is that the complaint in this case was sufficient to withstand the motion to dismiss. The decree appealed is accordingly reversed and the cause remanded for further proceedings consistent with the views herein expressed.
Reversed and remanded.
SHANNON, C. J., and KANNER, J., concur.

. 475.51 Promotive publication; filing-with and approval by commission; * * *
(1) It shall be unlawful for any person to publish or cause to be published * * * by means of any written or printed matter produced by any duplicating process producing ten copies or more * * * circulated or delivered outside the state, any information offering for sale or for the purpose of causing or inducing any other person to purchase or to acquire an interest in the title to real estate located in this state without first filing with the commission full and complete copies or descriptions of said information to be published, including any photographs or drawings or artist’s representations of physical conditions or facilities of the property existing or to exist. * * *