354 So.2d 126 (1978)
Robert G. KRANTZLER et al., Appellants,
v.
BOARD OF COUNTY COMMISSIONERS OF DADE COUNTY et al., Appellees.
No. 77-832.
District Court of Appeal of Florida, Third District.
January 24, 1978.
*127 Richard N. Friedman, Miami, for appellants.
Stuart Simon, County Atty. and Stephen P. Lee, III, Asst. County Atty., for appellees.
Before HAVERFIELD, C.J., and NATHAN and HUBBART, JJ.
PER CURIAM.
This is an appeal by citizens of Dade County, plaintiffs below, from an order dismissing, with prejudice, their suit against the Board of County Commissioners and other officials of Dade County. The case arises from the distribution by the county of a brochure which plaintiffs alleged proselytized in favor of the imposition of a sales tax to help fund mass transit in the county.
On October 5, 1976, the Board of County Commissioners, by resolution, authorized expenditures for the printing of "educational and informational materials concerning mass transit funding in an amount not to exceed $7,500.00." Brochures were distributed prior to the elections of November 2, 1976, in which the voters of Dade County rejected a proposed one cent increase in the sales tax.
On December 12, 1976, plaintiffs filed their complaint in the Circuit Court for Dade County, invoking its equity jurisdiction and stating that they were citizens and residents of Dade County. The complaint sought, among other things, an injunction against future distribution of promotional brochures for passage of a sales tax, reimbursement to Dade County of the tax payers' funds expended for the brochures, a designation of who was responsible for the printing of the brochures and the sources of information contained therein in any brochures still being distributed and in any future brochures, and a declaration that the pamphlet violated the Dade County Citizens' Bill of Rights in that it omitted material facts and materially misrepresented other facts. Specific factual allegations of such misrepresentations and omissions were included in the complaint. Indeed, they covered several pages.
On December 27, 1976, defendants filed a motion to dismiss, which was granted, with prejudice, on March 4, 1977. The circuit court found that plaintiffs could not, "under *128 any circumstances, plead facts showing their standing to maintain this action, . . or any circumstances sufficient to invoke this court's equity jurisdiction." We disagree and reverse the order of dismissal.
As to the question of whether plaintiffs could show standing to sue, we note that they did not allege that they were tax payers. Such failure should not be deemed fatal to the establishment of their right to sue. A suit by citizens and residents is well understood as being the substantial equivalent of a suit by tax payers. While such allegation may be necessary to maintenance of the suit, it is axiomatic that the right to amend should be freely granted in situations where trial has not yet begun and no harm is done thereby to the opposing side.
Assuming amendment is made, the question which remains is whether there are sufficient allegations in the complaint to justify a tax payers' suit. A tax payer has the right to maintain an action
if the acts complained of were unauthorized and not within the powers of the board of county commissioners, and tended to produce a resultant injury to the complainant by increasing the burden of his taxes. The right of a citizen and taxpayer to maintain a suit to prevent the unlawful expenditure by public officials of public moneys, unless otherwise provided by legislative enactment, is generally recognized. The nature of the powers exercised by county commissioners who are vested by law with the power of levying taxes for county purposes and the expenditure of county funds, the danger of the abuse of such powers ... and the necessity for prompt action to prevent their flagrant abuse and irremedial injuries flowing therefrom would seem to fully justify courts of equity in interfering upon the application of a county taxpayer and citizen. (Citations omitted.) The principle on which the right rests is that the taxpayer is necessarily affected and his burdens of taxation increased by any unlawful act of the county commissioners which may increase the burden to be borne by the taxpayers of the county, and no relief from such injury is obtainable elsewhere than in a court of equity... . The taxpayer's injury specially induced by the unlawful act is the basis of his equity, and unless it is alleged and proved, there can be no equitable relief.
Rickman v. Whitehurst, 73 Fla. 152, 74 So. 205 (1917) at 207. See also Crampton v. Zabriskie, 101 U.S. 601, 25 L.Ed. 1070 (1880); Peck v. Spencer, 26 Fla. 23, 7 So. 642 (1890); Kathleen Citrus Land Co. v. City of Lakeland, 124 Fla. 659, 169 So. 356 (1936). See generally McQuillin, Municipal Corporations, ch. 52, §§ 52.01-08 (Third Ed., 1977 revised volume 18).
We acknowledge that the complaint before us is somewhat less than well pled. But complainants do allege facts which they contend show material misrepresentations and omissions in the brochures which were distributed. The Dade County Citizens' Bill of Rights, which has been incorporated into the Metropolitan Dade County Home Rule Charter, states:
(A) This government has been created to protect the governed, not the governing. In order to provide the public with full and accurate information, to promote efficient administrative management, to make government more accountable, and to insure all persons fair and equitable treatment, the following rights are guaranteed:
.....
2. Truth in government. No county or municipal official or employee shall knowingly furnish false information on any public matter, nor knowingly omit significant facts when giving requested information to members of the public.
.....
(C) Remedies for violations. In any suit by a citizen alleging a violation of this article filed in the Dade County Circuit Court pursuant to its general equity jurisdiction, the plaintiff, if successful, shall be entitled to recover costs as fixed by the court. Any public official or employee who is found by the court to have *129 willfully violated this article shall forthwith forfeit his office or employment.
(D) Construction. All provisions of this article shall be construed to be supplementary to and not in conflict with the general laws of Florida... .
If a tax paying citizen of Dade County could not contest alleged violations of this Bill in a court of equity, he would have no recourse for misappropriations of his tax dollars, and the stated purposes of the Bill would be ignored. Thus we find that the trial court erred in ruling that plaintiffs could not, "under any circumstances" show standing to bring suit.
The next point we reach is whether, granting that plaintiffs have the right as taxpayers to bring suit under an amended complaint, the trial court was correct in its assertion that they could not show circumstances sufficient to invoke its equity jurisdiction. The complaint is drafted in such a way as to deal at length with wrongs alleged to have been committed in the past. Defendants contend that, since the monies have already been spent, the challenged act has already been completed, and injunctive relief is inappropriate. They also aver that plaintiffs have an adequate remedy at law for reimbursement, and equity jurisdiction will not lie if there is an adequate remedy at law.
The Supreme Court of Florida has held that
It is too well settled to be seriously questioned that a taxpayer has the right to maintain a suit against officers who have squandered or dissipated public funds, or who have unlawfully disposed of . .. public funds.
.....
[I]t appears to follow, necessarily, that suit must be instituted and maintained in equity because as a taxpayer the claimant has no right to recovery in his own behalf against the defendant, but he must recover, if at all, a judgment or decree which will require the wrongdoer to return . . that which such wrongdoer has misappropriated ... from the public treasury. Certainly there can be no difference in basic principles upon which rests the right of a taxpayer to enjoin ultra vires acts of public officers ... and upon which rests the right of the taxpayer to require an accounting from and disgorgement by public officers... .
Armstrong v. Richards, 128 Fla. 561, 175 So. 340 (1937) at 341. On the facts before us, plaintiffs not only sought reimbursement of funds which they alleged were improperly spent, but also sought an injunction against future promotional brochures.
A plaintiff must establish his right to equitable relief by alleging facts, not conclusions or statements of opinion. Brandon v. County of Pinellas, 141 So.2d 278 (Fla.2d DCA 1962). But if his allegations show any grounds for equitable relief, his pleadings should be regarded as sufficient, as against a motion for dismissal, Fleming v. State Road Department, 157 Fla. 170, 25 So.2d 373 (1946), and the complaint must be viewed most favorably to the pleader, Brandon, supra; Dawson v. National Home Insurance Company, 138 So.2d 356 (Fla.3d DCA 1962). Therefore, we find that the trial court erred in ruling that plaintiffs' complaint was inadequate to invoke its equity jurisdiction.
Defendants contend that the central issue involved on this appeal concerns the extent of the county's power to spend. We do not find this contention accurate. Since the case was dismissed with prejudice upon a finding of lack of standing and lack of jurisdiction, the issue of the county's power to spend is not before us. It may well be controlling at trial of the cause, but this concern is premature in the present posture of the case. We do not reach either the issue of whether the contested brochure was in fact propagandist or misleading, nor that which asks whether Dade County has the authority to expend public funds to proselytize on issues concerning the public welfare as perceived by the Board of County Commissioners. We hold today only that the trial court erred in dismissing plaintiffs' suit with prejudice. It should have been *130 dismissed without prejudice to plaintiffs to amend their complaint.
Reversed and remanded for proceedings consistent with this opinion.