COBB, Judge.
The plaintiffs below, five citizens who designated themselves as residents and/or taxpayers of the City of Brooksville and County of Hernando (Taxpayers), filed an amended complaint against the City Commissioners of Brooksville and the County Commissioners of Hernando County (Commissioners), and C.E. Manuel and Coastal Engineering Associates, Inc. (Coastal), in two counts. Count One was based upon an alleged violation of section 112.313, Florida Statutes (1981); Count Two was a common law count based on the allegation that Manuel, the majority owner of Coastal, and Coastal were violating a public trust by performing private engineering work for profit subject to their own review in the official capacities held by Manuel.
The allegations of the complaint indicated that Manuel was the City Engineer for Brooksville and the County Engineer for Hernando County, and that he also did private work requiring the approval of both the City and the County Engineer. It was further alleged that such actions by Manuel violated the Code of Ethics for Public Officers or Employees, since Manuel was paid by public funds while operating in this dual, conflicting capacity. It was alleged that one of the plaintiffs, Edward A. Martin, was injured by reason of his being a professional engineer in competition with Coastal. It was also alleged that an opinion (Advisory Op. No. 79-27) from the State Commission on Ethics, filed in 1979, in response to an inquiry from Hernando County regarding the propriety of this conflict situation, had determined that the Code of Ethics did not apply because the members of Coastal were independent contractors rather than employees of the respective governmental bodies; as a result of this opinion, the Taxpayers claimed no remedy other than court action was available to them. The Taxpayers also alleged that the Commissioners participated in the wrongful conflict by continuing to authorize the activities of Manuel , and Coastal.
*680 The relief sought by the Taxpayers was a declaration that the defendants were violating the indicated statute; a permanent injunction; an accounting; and a monetary judgment against the defendants for all monies collected while Manuel was acting in a dual capacity.
Subsequently, Count One was dismissed without appeal and Count Two, after various supplementation by more definite statements, was finally dismissed with prejudice, giving rise to the instant appeal. The ultimate dismissal of Count Two was pursuant to motions to dismiss by the defendants which contended, inter alia, that the amended complaint failed to allege sufficient ultimate facts to warrant a class action and that there is no common law right of action for the relief sought, absent a showing of illegal acts by a named defendant resulting in unauthorized disbursements of tax funds, the receipt of any such funds by a defendant, or any loss to the public treasury. The Commissioners also moved to dismiss the complaint in their individual capacities on the basis that no ultimate facts were alleged that would have created an individual liability on their part.
On appeal the Taxpayers argue that their amended complaint did indeed allege a cause of action to the effect that a public trust was violated by Coastal/Manuel by the performance of private engineering work for profit subject to review by Manuel in his official capacities. The appellees, Commissioners and Manuel/Coastal, contend that the dismissal was correct for the reason that the complaint failed to allege illegality or fraud of any kind, but contained only the conclusory statement that a conflict of interest existed.
The Taxpayers rely heavily on a 1905 Florida case to support their contention that a cause of action may be shown without the need to allege any fraudulent conduct or personal profit on the part of the defendants below. In Lainhart v. Burr, 49 Fla. 315, 38 So. 711 (Fla.1905), a group of taxpayers brought an action against the county commissioners, alleging that they had entered into an illegal contract with certain suppliers, with whom they shared a common financial interest. Those taxpayers sought to enjoin the spending of such funds and the return of any funds illegally spent. The defendant commissioners answered and claimed that no harm had been done because the state had obtained value received for the expenditures. The trial court granted an injunction ordering the commissioners to pay back the total amount expended in the sale. The Florida Supreme Court reversed on the issue of damages, holding that the supplier in each instance was entitled to the actual cost of furnishing the supplies, without the addition of any profit, where it was shown that the county needed the supplies and that no fraud had occurred. The entry of the injunction, however, was sustained on appeal. The operative language in that opinion, upon which the appellant Taxpayers now rely, is:
To permit him to buy from himself puts him in the attitude of being a judge in his own cause, and of attempting to serve two masters whose interests are diametrically opposed. The law does not denounce such conduct on the theory that fraud or wrong inevitably results, but because it may and probably will result; hence, proof that no wrong was intended or committed and that no fraud resulted in a particular case does not render the contract valid.
The court went on to say:
Almost all of the authorities hold that transactions such as here disclosed are condemned as being opposed to public policy, even though no statute forbids them, and we are therefore constrained to hold that such is the law in this state. [Emphasis added.]
38 So. at 714.
The Commissioners and Manuel claim that the instant case is distinguishable from Lainhart in that here there are no facts alleged in respect to a purchase from one’s own company; nor are there allegations that Manuel or his firm has any power to contract with himself or itself. Nevertheless, in the instant factual setting Manuel and Coastal do sit in judgment of their *681 own work, a conflict condemned by the Lainhart court on public policy grounds. The common law principle that one cannot serve two masters is still viable in Florida, and is applicable to all those individuals holding positions of public trust. 1974 Op. Attorney General Fla. 074-159 (May 22, 1974). The fact that the dismissed Count Two of the complaint does not allege that any specific statute was violated does not cause the complaint to fail. The actions here are against public policy; a statute is merely declaratory of public policy. City of Miami v. Benson, 63 So.2d 916 (Fla.1953). As stated by the New Jersey Superior Court in Newton v. Demas, 107 N.J.Super. 346, 258 A.2d 376, (1969):
The courts in this state are committed to the principle that public officials hold positions of public trust; they are under an inescapable obligation to serve the public with the highest fidelity, good faith, and integrity.... Such required conduct demands undivided loyalty and compels public officers to refrain from outside activities which interfere with the proper discharge of their duties, or which may expose them to the temptation of acting in any manner other than in the best interest of the public. These principles are imposed by law on all public officers and become effective upon their entering public office. If it be determined that such a conflict of interest exists, their agreements are against public policy and may be declared void; and this is so even though there is no proof of fraud, dishonesty, loss to the public or whether in fact they were influenced by their personal interests.
258 A.2d at 378.
Additionally, the Taxpayers have the right to maintain a suit against officers who have squandered or dissipated public funds or who have unlawfully disposed of, or who are about to dispose of, public funds. See Armstrong v. Richards, 128 Fla. 561, 175 So. 340 (Fla.1937). The Florida Supreme Court stated this principle clearly in Wester v. Belote, 103 Fla. 976, 138 So. 721 (Fla.1931), wherein it stated:
Citizens and taxpayers, when suing as such, undoubtedly have the right to in-junctive relief to protect the public treasury against illegal disbursements of public funds which it is charged will result from the carrying out of unauthorized or illegal contract. And in such cases no other showing is required of complainant than that he allege his status as a citizen and taxpayer and point out that the threatened disbursement of public funds is for an unauthorized or illegal purpose, whether any actual fraud or misconduct was intended or contemplated thereby or not.
138 So. at 726.
¡[3,4] The plaintiff Taxpayers in the instant case alleged sufficient facts of a conflict of interest to allow the complaint to proceed. No fraud or misconduct need be shown to sustain this action against Manuel, Coastal and the Commissioners in their official capacity. Damages, however, would be limited to profits as in Lainhart.
The dismissal of the action against the Commissioners individually is affirmed, as no facts were alleged showing personal profit or individual liability on their part. The remainder of the order appealed is reversed and remanded for further proceedings consistent with this opinion.
SHARP, and COWART, JJ., concur.