Mr. Gerald Korman City Attorney City of Longwood 175 West Warren Avenue Longwood, Florida 32750
Dear Mr. Korman:
This is in response to your request for an opinion on substantially the following question:
 MAY THE POLICE CHIEF OF THE CITY OF LONGWOOD BE APPOINTED AS CITY ADMINISTRATOR AND ACT IN BOTH CAPACITIES SIMULTANEOUSLY?
The constitutional prohibition against dual officeholding is contained in s. 5(a), Art. II, State Const., which provides in pertinent part that: "No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein. . . ." The foregoing constitutional provision does not define the terms "office" or "officer" for its purposes. However, this office has previously stated that a chief of police is a municipal officer when such officer is vested with official powers and duties for and in behalf of the municipality in question. See, AGO's 72-348, 69-2. See also, State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919) (term "office" implies delegation of portion of sovereign power to, and possession of it by person filling the office, while "employment" does not comprehend delegation of any part of sovereign authority). And see, In re Advisory Opinion to the Governor,132 So.2d 1 (Fla. 1961). Cf., AGO's 77-89, 77-63 and 76-92 concluding that a deputy sheriff, town marshal and a part-time auxiliary or reserve police officer, certified by the Police Standards and Training Commission are all "officers" within the purview of s. 5(a), Art. II, State Const. Thus, for purposes of s. 5(a), Art. II, State Const., the police chief is a municipal officer.
The question remains as to whether the city administrator is an "officer" for purposes of the dual officeholding prohibition. According to s. 4.07, City Charter of Longwood, the city administrator is the chief administrative officer of the city and is granted extensive powers and duties including, inter alia, the power to appoint, suspend or remove all city employees and department heads; direct and supervise the administration of city departments, officers and agencies; prepare and submit the annual budget and capital program; prepare and submit reports concerning the finances, administrative activities and operations of city departments, offices and agencies; advise the city commission as to the financial condition and future needs of the city; and make recommendations concerning affairs of the city. Pursuant to s. 5.01(b) of said charter, the city administrator is authorized to appoint a department head to administer all departments under his direction and supervision. Moreover, the administrator may serve as the head of one or more of such departments or may appoint one person as the head of one or more of them with the consent of the city commission. Thus it appears clear under the city charter that the City Administrator of the City of Longwood is a municipal officer. His powers and duties contemplate "a delegation of a portion of the sovereign power. . . ." Additionally, his office "embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power. . . ." State ex rel Holloway v. Sheats, supra, at 509. See, State v. Glidewell, 311 So.2d 126 (2 D.C.A.Fla., 1975), wherein the court held that a city manager, who was the chief administrative officer of a municipality and had extensive powers and responsibilities to perform his duties was a "municipal official." See also, AGO 80-97. Therefore, it is my opinion that the City Administrator and Chief of Police of the City of Longwood are both municipal officers; as such, the dual officeholding provisions of s. 5(a), Art. II, State Const., operate to prohibit an individual from holding both such offices simultaneously.
In reaching this conclusion, I am not unaware of those cases or opinions which hold that the mere imposition on an officeholder of additional or ex officio duties compatible with the duties the officeholder is already required to perform is not a violation of the constitutional dual officeholding prohibition. See, Whitaker v. Parsons, 86 So. 247 (Fla. 1920); State ex rel. Landis v. Reardon, 154 So. 868 (Fla. 1934); State v. Florida State Turnpike Authority, 80 So.2d 337 (Fla. 1955); AGO's 81-72, 81-61 and 80-97. However, in the instant inquiry it does not appear that the office of city administrator or that of police chief is being abolished; but rather that the police chief is being appointed to exercise the powers and perform the functions of another office which is still in existence. Moreover, the duties of the two offices appear to be incompatible.
You have referred to, as authority for such appointment, s. 5.01(b) of the city charter which provides in pertinent part that with the consent of the city commission, the city administrator may serve as the head of one or more departments under the direction and supervision of the city administrator or may appoint one person as the head of one or more of them. I have been informed that the chief of police is under the supervision and direction of the city administrator. Thus, performance of both offices simultaneously would appear to be in violation of the public policy rule prohibiting the holding of two incompatible public offices. See, AGO 76-92 wherein this office concluded that the city council could not authorize the mayor to assume and perform the duties of town marshall since such appointment would violate the dual officeholding prohibition of s. 5(a), Art. II, State Const., as well as the public policy rule against holding two incompatible public offices because the mayor was empowered by charter to appoint and supervise the town marshall. In Gryzik v. State, 380 So.2d 1102, 1104 (1 D.C.A.Fla., 1980), pet. rev. den.,388 So.2d 1113 (Fla. 1980), the court, in setting forth the doctrine of incompatibility, stated:
 Incompatibility exists "where in the established governmental scheme one office is subordinate to another, or subject to its supervision or control, or the duties clash, inviting the incumbent to prefer one obligation to another." . . . If the duties of the two offices are such that when "placed in one person they might disserve the public interests, or if the respective offices might or will conflict even on rare occasions, it is sufficient to declare them legally incompatible."
 In addition, a conflict of interest exists where the holder of one office has the power of appointment as to the other office, or is empowered to remove, punish, regulate the compensation of the other or to audit his accounts. The applicability of the doctrine does not, however, turn upon the integrity of the officeholder or his ability to achieve impartiality. 67 C.J.S. Officers and Public Employees s. 27. See, AGO's 70-46, 76-92, 80-17, 85-24. Cf., Lovejoy v. Grubbs, 432 So.2d 678 (5 D.C.A.Fla., 1983). Thus, it seems clear that an individual, acting as both chief of police and city administrator, would fall squarely within the foregoing prohibition. See, s. 4.07, City Charter of Longwood, discussed supra.
 In sum, it is my opinion that the constitutional prohibition against dual officeholding, s. 5(a), Art. II, State Const., as well as the public policy rule prohibiting the holding of two incompatible public offices by the same individual preclude the Police Chief of the City of Longwood from being appointed as city administrator and serving in both offices simultaneously.
Sincerely,
Jim Smith Attorney General
Prepared by:
John Rosner Assistant Attorney General