ROWE, J.,
dissenting.
Because I would find the evidence from the E-FORCSE database admissible pursuant to section 90.803(17), Florida Statutes, I dissent.
In 2009, the Florida Legislature established the Prescription Drug Monitoring Program (“PDMP”) as a means to encourage the safe prescription of controlled substances and to reduce the diversion of drugs and drug abuse within the state. Ch. 2009-198, § 1, at 1978-95, Laws of Fla. In creating the PDMP, the Legislature authorized the Florida Department of Health to “design and establish a comprehensive electrqinic database system that has controlled substance prescriptions provided to it and that provides prescription information to a patient’s health care practitioner and pharmacist .... ” § 893.055(2)(a), Fla. Stat. (2009). The law authorizing the electronic database, known as the E-FORCSE database, requires all Florida pharmacies and any prescriber who directly dispenses a controlled substance to submit a report to the E-FORCSE database each time a controlled substance is dispensed and to provide the specific information listed in section 893.055(3), Florida Statutes.
In its prosecution of Hardy, the State sought the admission of records from the E-FORCSE database to refute Hardy’s assertion that the Methadone pills in his possession belonged to his girlfriend, who had obtained them pursuant to a prescription from her physician. Because pharmacies are required by section 893.055 to report the dispensing of controlled substances, the database search results returning no record of a prescription for Methadone to Hardy’s girlfriend, refuted her trial testimony to the contrary. The State sought to admit the E-FORCSE database records into evidence pursuant to *1022 section 90.803(17), which provides for the admissibility of published compilations.
By narrowly construing section 90.803(17), the majority holds that the records in the E-FORCSE database do not qualify for the exception because they are not “published.” The majority applies a very restrictive meaning of the term “published,” reasoning that because the E-FORCSE database is not available to the general public, it is not “published” as required by the statute. I would find as a matter of law that the term “published” as it applies to the evidence sought to be admitted in this case has a broader meaning. When applying section 90.803(17), the court’s focus should be the purpose for which the information was disseminated rather than how widespread the information was disseminated. See Kisling v. Rothschild, 388 So.2d 1310 (Fla. 5th DCA 1980) (holding that it was the purpose of a publication that determined whether the term “general publication” or “limited publication” should apply); Fla. Real Estate Comm’n v. Indian Lake Estates, Inc., 143 So.2d 667, 669 (Fla. 2d DCA 1962) (holding that when determining whether certain real estate information was published, the court should focus on the purpose for which the information was disseminated). Although, as acknowledged by the majority, the E-FORCSE database is not. “published in the ordinary sense of the term,” it is, nevertheless, published to authorized employees of the Department of Health and to certain law enforcement officers for the limited purpose specified in section 893.055, Florida Statutes.
The majority holds that even if the E-FORCSE database met the publication requirement under its analysis, it would not fall within the scope of section 90.803(17) because the database is not similar in nature to market reports or commercial compilations. On the contrary, the database certainly falls within the category of “other publications” in the same ilk as a tabulation or list as set forth in the statute.
Moreover, the admissibility of the E~ FORCSE records, as with evidence admitted under other hearsay exceptions, is predicated on reliability and necessity. See Francis v. State, 308 So.2d 174 (Fla. 1st DCA 1975). As cited by the majority, Professor Ehrhardt has explained that the evidence admissible under the exception is reliable “because those who publish the compilations know that if the publications are inaccurate they will no longer be consulted and because they generally have no motive to falsify.” See Charles W. Ehrhardt, Florida Evidence, § 803.17, at 977 (2013 ed.). Reliability is assured in this case because pharmacists and pharmacies know that their failure to properly enter prescription records into the database is subject to review by the Department of Health in licensure and disciplinary proceedings, by the Attorney General in Medicaid Fraud prosecutions, and by state law enforcement agencies in criminal prosecutions. Further, one of the primary purposes of the database is to encourage safer prescribing practices, alerting pharmacists not only to potential drug diversion or drug abuse by patients, but also to possible harmful interactions between drugs prescribed to the patient. Pharmacies, pharmacists, and other prescribers have an ethical and professional obligation to accurately report prescriptions in addition to their legal obligation. Thus, the reliability of the records from the E-FORCSE database strongly supports admissibility of the records under the hearsay exception.
Necessity also supports the admissibility of E-FORCSE database records. Necessity in this case lies in the fact that the database provides law enforcement with the only reasonable means of determining whether a prescription for a controlled substance has in fact been dispensed by a *1023 pharmacy to the witness. The alternative, locating every pharmacist, physician, or other prescriber who may have written or filled a prescription for a potential witness (or defendant), presents a Sisyphean task. In this case, the witness did not (or could not) produce a copy of the alleged prescription and testified that the prescription was dispensed by a pharmacy, which had closed and which existence could not be verified by law enforcement. Thus, the database provided the sole means for law enforcement to determine whether a prescription for the controlled substance had in fact been dispensed by any pharmacy to the witness.
Because the E-FORCSE database records are relied on by law enforcement and industry officials and because the records at issue in this case were necessary as the only practical means by which law enforcement could verify the witness’ prescription for a controlled substance, the trial court properly admitted the database records as a published compilation under the hearsay exception set forth in section 90.803(17). I respectfully dissent.