287 So.2d 693 (1973)
Sidney J. TILLMAN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 72-437.
District Court of Appeal of Florida, Second District.
October 3, 1973.
James A. Gardner, Public Defender, and W. Daniel Kearney, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and David Luther Woodward, Asst. Atty. Gen., Tampa, for appellee.

ON PETITION FOR REHEARING
BOARDMAN, Judge.
On petition for rehearing the appellee, State of Florida has timely filed a petition for rehearing and supplement to petition for rehearing of our opinion filed in this appeal on April 18, 1973. In that opinion we held that the appellant was entitled to be discharged for failure of the state to bring him to trial within the time prescribed in Rule 3.191(a)(1), RCrP, 33 F.S.A. The pertinent facts upon which we based our decision, briefly stated, were as follows:
On October 19, 1971, appellant was charged with a violation of Section 811.16, Florida Statutes, F.S.A. (unlawfully buying, receiving or aiding in the concealment of stolen property). The offense was allegedly committed on September 3, 1971. On March 25, 1972, appellant in pro se filed a motion for writ of mandamus seeking discharge under the Speedy Trial Rule. The trial court denied the said motion. Whereupon, the appellant voluntarily, understandingly and knowingly pled guilty to what was characterized as a lesser charge of conspiracy to buy and receive stolen property. This plea was accepted by the court. Appellant was sentenced for this *694 offense to a term of 18 months in the state penitentiary. This appeal followed.
We applied the principles of law enunciated in Thomas v. State, Fla.App. 1964, 164 So.2d 857, in which case it was held that liberal construction should be given to pro se pleadings. Upon said authority, we construed the motion for writ of mandamus as a motion for discharge under Rule 3.191(d)(1), RCrP. Whereupon, we reversed and remanded the cause for discharge of appellant, notwithstanding the fact that the record discloses, as we stated in our original opinion, that the appellant had pled guilty to the lesser charge stated above.
On petition for rehearing, the state raised therein for the first time the contention that the appellant having pled guilty to the lesser offense waived all nonjurisdictional defects and, as a consequence, was precluded from claiming that he was denied a speedy trial. We agree. See White v. State, Fla.App. 1973, 273 So.2d 782, in which the Honorable William C. Pierce, now retired, wrote the majority opinion for this court; see, also, the federal cases of Fowler v. United States, 5th Cir.1968, 391 F.2d 276, and Becker v. State of Nebraska, 8th Cir.1970, 435 F.2d 157.
For the foregoing reasons and, upon further reading and study of the record, we readily acknowledge that we committed error in rendering our original opinion. We overlooked the legal significance and consequences of the appellant's plea of guilty. We should not have done so. Rehearing is granted and our original opinion withdrawn.
In view of our present holding, it is not necessary that we discuss the other points raised by appellant on appeal.
Accordingly, the judgment and sentence appealed should be and they are hereby
Affirmed.
MANN, C.J., and HOBSON, J., concur.