583 So.2d 400 (1991)
Antonio ROPIZA, Appellant,
v.
Roberto P. REYES and Rita Acuna Reyes, his wife, Appellees.
No. 90-2684.
District Court of Appeal of Florida, Third District.
July 30, 1991.
*401 Steven L. Berzner, Ft. Lauderdale, for appellant.
Mark H. Gregg, Tavernier, for appellees.
Before SCHWARTZ, C.J., and NESBITT and FERGUSON, JJ.
FERGUSON, Judge.
The parties to this action executed a Deposit Receipt and Sales Purchase Agreement whereby Ropiza agreed to sell to the Reyeses certain real property located in Monroe County. Pursuant to the contract, the Reyeses paid an $8,000 deposit to Freelancer Limited, the real estate broker. By terms of the agreement the Reyeses were required to apply for and obtain a conventional mortgage within ninety days of the contract date.
For reasons not pertinent here, Ropiza decided not to consummate the transaction. Thereafter, both parties made demands on Freelancer for the deposit. Freelancer filed an interpleader action naming Ropiza and the Reyeses as defendants. Ropiza filed a crossclaim against the Reyeses seeking the deposit monies as liquidated damages or, alternatively, money damages for breach of contract.
In response to Ropiza's crossclaim, the Reyeses filed an answer denying Ropiza's allegations and further pleaded, as an affirmative defense, that the default provision in the contract was unenforceable as a matter of law.[1] The Reyeses' motion for judgment on the pleadings was granted. This appeal ensued.
On the authority of Cortes v. Adair, 494 So.2d 523 (Fla. 3d DCA 1986) (cited with approval in Lefemine v. Baron, 573 So.2d 326 (Fla. 1991)),[2] the trial court correctly held invalid the liquidated damages clause in the real estate contract which gave Ropiza three options including retention of the deposit. In entering a judgment for the Reyeses on the pleadings, however, the court incorrectly foreclosed Ropiza's claim under separate allegations for damages based on breach of contract. See Bolen Int'l, Inc. v. Medow, 191 So.2d 51 (Fla. 3d DCA 1966) (it was error for the lower court to grant a motion for judgment on the pleadings where a ruling on a particular question does not dispose of entire case), cert. denied, 200 So.2d 808 (Fla. 1967).
Where the seller, in a contract for the sale of realty, is given the option, in the event of a breach by the buyer, of retaining the deposit as liquidated damages or proceeding with an action at law or equity, a presuit demand for the deposit does not constitute an irrevocable choice of remedies. See Erwin v. Scholfield, 416 So.2d 478 (Fla. 5th DCA 1982) (vendors' filing of action seeking damages and specific performance against condominium purchasers, *402 who entered into contract which provided that upon default vendors at their option could retain purchasers' deposit as liquidated damages or proceed at law or equity, did not constitute an election between alternative remedies so as to preclude vendors' claim for deposit as liquidated damages).
Affirmed in part, reversed in part, and remanded for further consistent proceedings.
NOTES
[1] The default clause in the contract provided:

Default: If Buyer fails to perform this contract within the time specified, the deposit paid by Buyer may be retained by or for the account of Seller as consideration for the execution of this agreement and in full settlement of any claims for damages, and all parties shall be relieved of all obligations under this contract, or Seller, at his option, may proceed at law or in equity to enforce his legal rights under this contract.
[2] In Cortes, we held that a default clause in a contract for the sale of real property which conferred a unilateral option on the vendor to choose from three alternate remedies  an action at law for actual damages, an action in equity for specific performance, or retention of the deposit as liquidated damages if that amount exceeded actual damages  was unenforceable as a matter of law.