678 So.2d 489 (1996)
Vicente MARTINEZ, Ramon Quirantes, Mirta L. Quirantes, and R. Quirantes Orthopedics, Inc., Appellants,
v.
Aida FRAXEDAS, Appellee.
No. 95-1364.
District Court of Appeal of Florida, Third District.
August 21, 1996.
*490 Brian S. Heller, Miami, for appellants.
Jarvis & Roffino, Coral Gables, and Aylin Fraxedas Ellenburg, for appellee.
Before JORGENSON, COPE and GREEN, JJ.
COPE, Judge.
Vicente Martinez appeals a non-final order entering a partial judgment on the pleadings against him on liability. We reverse.
Plaintiff/appellee Aida Fraxedas sued defendant/appellant Vicente Martinez, claiming that Martinez negligently operated a motor vehicle and caused a collision with a vehicle in which Fraxedas was a passenger. Plaintiff also sued Martinez' employer, R. Quirantes Orthopedics, Inc., and its stockholders, Ramon Quirantes and Mirta L. Quirantes.[1]
After plaintiff obtained service on Martinez, Martinez wrote a letter to the court in which he explained that he was formerly employed as a driver by Quirantes, but that he did not own the motor vehicle, and it was not his obligation to maintain insurance on it. He asked that the court appoint counsel to represent him.[2]
Plaintiff filed a motion for judgment on the pleadings. Plaintiff took the position that the defendant's letter to the court constituted an answer. Plaintiff reasoned that since Martinez had not explicitly denied fault for the accident, it followed that under Florida Rule of Civil Procedure 1.110(e), Martinez had admitted liability. Martinez appeared pro se at the hearing. The trial court entered a partial judgment on the pleadings against him on liability. This appeal follows.[3]
*491 We are inclined to think that Martinez' letter should have been treated as a motion for appointment of counsel. The clear import of the letter was that he wanted a lawyer to be appointed to defend the case. So viewed, the motion should have been denied and Martinez should have been given a reasonable period of time in which to file a pro se answer or pro se motion.[4]
Assuming, however, that Martinez' letter could be treated as a pro se answer, we think the motion for judgment on the pleadings should have been denied. It is fundamental that "[a]ll pleadings shall be construed so as to do substantial justice." Fla. R. Civ. P. 1.110(g). Further, it is well settled that pleadings are to be construed favorably to the pleader. See Krantzler v. Board of County Commissioners, 354 So.2d 126, 129 (Fla. 3d DCA 1978). Moreover, "liberal construction should be given to pro se pleadings." Tillman v. State, 287 So.2d 693, 694 (Fla. 2d DCA 1973); Thomas v. State, 164 So.2d 857, 857 n. 1 (Fla. 2d DCA 1964).
While Martinez' letter is not very articulate, when the letter is read as a whole it is clear that Martinez is denying liability for the accident. He clearly indicates that he wishes to defend and requests appointment of counsel to do so. The obvious purpose of requesting counsel is to dispute, not admit, liability. Reading the pro se letter in the required lightfavorably to the litigant-the letter must be viewed as denying fault for the accident. That being so, judgment on the pleadings should have been denied.
The result we reach is in accord with Florida's longstanding public policy which favors adjudication of lawsuits on the merits. See, e.g., North Shore Hosp., Inc. v. Barber, 143 So.2d 849, 853 (Fla.1962); Cinkat Transp., Inc. v. Maryland Casualty Co., 596 So.2d 746, 747 (Fla. 3d DCA 1992); Apolaro v. Falcon, 566 So.2d 815, 816 (Fla. 3d DCA 1990); Ole, Inc. v. Yariv, 566 So.2d 812, 815 (Fla. 3d DCA 1990); Gulf Maintenance & Supply, Inc. v. Barnett Bank, 543 So.2d 813, 816 (Fla. 1st DCA 1989). "[H]asty or imprudent use of this summary procedure [judgment on the pleadings] by the courts violates the policy in favor of insuring to each litigant a full and fair hearing on the merits of his claim or defense." 5A Charles A. Wright and Arthur R. Miller, Federal Practice & Procedure: Civil (2d) § 1368, at 517 (1990).
The order under review is reversed and the cause remanded with directions to set aside the partial judgment on the pleadings.
Reversed and remanded.[5]
JORGENSON, J., concurs.
GREEN, Judge (dissenting).
Respectfully, I cannot agree that the entry of judgment on the pleadings solely on the issue of liability was error where Martinez never denied liability for the accident in his answer to the first amended complaint.[6] As I view it, the issue before this court is simply whether the express requirements of the Florida Rules of Civil Procedure, namely R. 1.110(c) and R. 1.110(e), apply with equal force and effect to a pro se litigant who prepares an answer to a complaint. This district has already determined that they do. Kohn v. City of Miami Beach, 611 So.2d 538 (Fla. 3d DCA 1992)(finding no error in dismissing pro se's complaint with prejudice after four amendments; pro se litigant should not be treated differently from litigant represented by counsel); Carr v. Grace, 321 So.2d 618, 618 (Fla. 3d DCA 1975)("Appellant's self representation does not relieve her of the obligation to comply with any appropriate rules of the court and the rules of civil procedure."), cert. denied, 348 So.2d 945 (Fla.1977); see also § 454.18, Fla. Stat. *492 (1993)("[A]ny person ... may conduct his own cause in any court of this state ... subject to the lawful rules and discipline of such court...."). While the majority cites to authority which in dicta says that pro se pleadings are to be liberally construed to effect justice, see, e.g., Tillman v. State, 287 So.2d 693, 694 (Fla. 2d DCA), cert. dismissed, 285 So.2d 417 (Fla.1973) and cert. dismissed, 285 So.2d 617 (Fla.1973) and Thomas v. State, 164 So.2d 857, 857 n. 1 (Fla. 2d DCA 1964), this authority does not purport to exempt pro se litigants from our established rules of procedure and court.
In the case before us, Martinez filed a pro se answer wherein he made selective admissions and denials to the allegations contained in the amended complaint.[7] In his answer, Martinez never denied that he was at fault for the accident as was alleged. Under the provisions of Rule 1.110(c),[8] if Martinez sought to contest his liability in this action, he was required to expressly do so in his answer. To the extent that he did not, his liability was deemed admitted by operation of Rule 1.110(e)[9]. It is clear then that in light of the dictates of both Rule 1.110(c) and 1.110(e), a trial judge presiding over a civil matter simply does not have the authority or discretion to impute the denial of liability to a litigant where the litigant has otherwise remained mute on this issue.[10]But compare Rule 3.170(c), Fla. R.Crim. P. ("If a defendant stands mute, or pleads evasively, a plea of not guilty shall be entered."). The trial court therefore was absolutely correct when it entered judgment on the pleadings on the issue of liability in favor of Fraxedas and ordered the trial to proceed solely on the issue of damages.[11]
For these reasons, I would affirm the order under review.
NOTES
[1] Ramon Quirantes, Mirta L. Quirantes, and R. Quirantes Orthopedics, Inc., have also joined this appeal as appellants. However, it is doubtful that they have standing on the issue now before us.
[2] In total Martinez' letter stated:

To whom it may concern:
I Vicente Martinez was a Driver of a Chrysler Dakota Pick-up. Owned by R. Quirantes Orthopedics, Inc. I was driving this pick-up for a period of about 6-7 months prior to the accident. My Employment with R. Quirantes Orthopedics, Inc. was to operate the Vehicle. In no way, I am responsible for the proper insurance on such vehicle. I did not own the truck.
I don't have a lawyer or could afford one, so if the state can appoint one to me I would greatly appreciate it.
Sincerely,
s/Vincente Martinez
[3] Although not germane to the issue on appeal, subsequent to the hearing Martinez' former employer agreed to provide counsel to represent him. Consequently he is represented by counsel on this appeal.
[4] Presumably the court would also have advised Martinez of the agencies he could contact to seek legal assistance, in the event that he qualified.
[5] We also note that "[a] partial judgment on the pleadings is not authorized." Henry P. Trawick, Jr., Trawick's Florida Practice and Procedure § 10-9, at 186 (1995 ed.); Ropiza v. Reyes, 583 So.2d 400, 401 (Fla. 3d DCA 1991); Bolen International, Inc., v. Medow, 191 So.2d 51, 53 (Fla. 3d DCA 1966), cert. denied, 200 So.2d 808 (Fla. 1967); Morris v. Truax, 152 So.2d 515, 519 (Fla. 2d DCA 1963).
[6] Although Martinez' answer was filed in letter form, it is clear that he did not send it to the court by mere happenstance and that he intended it to serve as his response to certain allegations contained in the amended complaint.
[7] In his answer, Martinez specifically admitted to (1) being employed by defendant R. Quirantes Orthopedics, Inc.; (2) operating the subject pick up truck with the consent of defendant R. Quirantes Orthopedics, Inc. as alleged; and (3) being the driver of the pick up involved in the accident as alleged. Further, Martinez expressly denied that he [as the nonowner of the truck] had any responsibility for securing or maintaining insurance on the truck as alleged.
[8] Rule 1.110 provides:

(c) The Answer. In the answer a pleader shall state in short and plain terms the pleader's defenses to each claim asserted and shall admit or deny the averments on which the adverse party relies. If the defendant is without knowledge, the defendant shall so state and such statement shall operate as a denial. Denial shall fairly meet the substance of the averments denied. When a pleader intends in good faith to deny only a part of an averment the pleader shall specify so much of it as is true and shall deny the remainder. Unless the pleader intends in good faith to controvert all of the averments of the preceding pleading, the pleader may make denials as specific denials of designated averments or may generally deny all of the averments except such designated averments as the pleader expressly admits, but when the pleader does so intend to controvert all of its averments, including averments of the grounds upon which the court's jurisdiction depends, the pleader may do so by general denial.
[9] Rule 1.110 provides, in part:

(e) Effect of Failure to Deny. Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damages, are admitted when not denied in the responsive pleading.
[10] The majority apparently equates Martinez's request for legal counsel with a denial of fault. I respectfully submit that such an equation is untenable in light of the clear requirements of Rule 1.110(c).
[11] The cases cited by the majority for the proposition that a partial judgment on the pleadings is not authorized do not apply in the instant case. In both Ropiza and Bolen Int'l, there were claims remaining between the parties that the judgments on the pleadings incorrectly ignored. Here, the judgment on the pleadings completely resolved the question of liability as to Martinez, leaving only the issue of damages to be resolved. Damages are not resolved by the complaint. Metcalf v. Langston, 296 So.2d 81, 85 (Fla. 1st DCA)("A pleading does not, as such, entitle the pleader to relief. If affirmative relief is desired then it is necessary that proof be adduced."), cert. dismissed, 302 So.2d 414 (Fla. 1974).