734 So.2d 1151 (1999)
Dexter D. WOULLARD, Petitioner,
v.
K. BISHOP, Co.1 Officer, Sgt. Gillard, C.W. Kirkland, Asst. Supt., T. Varnes, Supt., and Michael W. Moore, Secretary, Florida Department of Corrections, Respondents.
No. 98-3668.
District Court of Appeal of Florida, First District.
June 2, 1999.
*1152 Dexter D. Woullard, pro se, petitioner.
Robert A. Butterworth, Attorney General, and Anthony W. Garcia, Assistant Attorney General, Tallahassee, for respondent.
PER CURIAM.
Dexter D. Woullard petitions for review of an order denying his petition for writ of habeas corpus, in which he challenged the outcome of two prison disciplinary proceedings. The circuit court summarily denied relief upon a finding that the review of disciplinary proceedings is a matter properly handled internally by the Department of Corrections, and that Woullard had failed to demonstrate the exhaustion of available administrative remedies. We quash the circuit court's order and remand for further proceedings.
Although Woullard styled his petition as seeking habeas corpus relief, it more properly is viewed as seeking relief through a writ of mandamus, which is the appropriate remedy for seeking review of a prison disciplinary proceeding allegedly conducted in violation of constitutional requirements or the rules of the Department of Corrections. See, e.g., Newsome v. Singletary, 637 So.2d 9 (Fla. 2d DCA 1994); Adams v. Wainwright, 512 So.2d 1077 (Fla. 1st DCA 1987). Of course, the exhaustion of administrative remedies is a necessary prerequisite to seeking judicial review, but contrary to the circuit court's determination, we conclude that the allegations of Woullard's petition were sufficient to make at least a prima facie showing of exhaustion. Accordingly, the order summarily denying Woullard's petition is quashed, and the matter is remanded to the circuit court for further proceedings.
ERVIN, WOLF and WEBSTER, JJ., concur.