746 So.2d 584 (1999)
Adolphus S. ASHLEY, Petitioner,
v.
Michael W. MOORE, Secretary, Florida Department of Corrections, Respondent.
No. 99-227.
District Court of Appeal of Florida, First District.
December 22, 1999.
*585 Adolphus S. Ashley, Petitioner, pro se.
Robert A. Butterworth, Attorney General; Douglas T. Squire, Assistant Attorney General, Tallahassee, for Respondent.
PER CURIAM.
Adolphus S. Ashley petitions for review of an order denying his petition for habeas corpus. In the petition for habeas corpus, petitioner alleged he had filed seven formal grievances with the Department of Corrections ("DOC") and that DOC had responded to only one of the grievances to the effect that petitioner failed to attach to his formal grievance evidence that he had exhausted administrative remedies by first going through the informal grievance process. The circuit court denied the petition, ruling that none of the grievances filed demonstrated compliance with the informal grievance requirement as a condition precedent to the formal grievance process.
The state responds that petitioner's remedy is mandamus, not habeas corpus, and the lower court's ruling should be affirmed on that basis. However, as this court noted in Woullard v. Bishop, 734 So.2d 1151 (Fla. 1st DCA 1999), even though a petition is styled for habeas corpus, under certain circumstances, it may be more properly viewed as a petition for mandamus, "which is the appropriate remedy for seeking review of a prison disciplinary proceeding allegedly conducted in violation of constitutional requirements or the rules of the [DOC]." 734 So.2d at 1152. In Woullard, since the petitioner's allegations constituted "at least a prima facie showing of exhaustion" of administrative remedies, the order summarily denying the petition was quashed and the case remanded for further proceedings. Id.
It appears the petitioner in the instant case also has made at least a prima facie showing for granting mandamus and requiring DOC to respond to his formal grievances. While DOC rules would appear to permit a single response to several grievances relating to the same subject matter, see Fla. Admin. Code Rule 33-103.015(9), the rules also provide that if the grievance involves a disciplinary action, an inmate is not required to go through the informal process first in order to exhaust administrative remedies. See Fla. Admin. Code Rules 33-103.005(1) and 33-103.006(3).
We grant the petition for certiorari, quash the order denying the petition for habeas corpus, and remand the case for further proceedings consistent with this opinion.
JOANOS, WEBSTER and PADOVANO, JJ., CONCUR.