PER CURIAM.
We grant Adolphus Ashley’s petition for writ of certiorari,[1] finding that the circuit court departed from the essential requirements of law when it denied Ashley’s petition for writ of habeas corpus on grounds that the writ is properly used to determine the legality of a person’s restraint, and Ashley failed to allege or show he had exhausted administrative remedies.
Ashley alleged in his petition for writ of habeas corpus that on July 22, 1999, two correctional officers entered his cell and without authorization seized numerous court orders to which he was preparing time-sensitive responses. Ashley alleged that one of the officers refused his request for grievance forms to complain about this act.
The circuit court should have treated Ashley’s petition for habeas corpus as a petition for writ of mandamus. See Ashley v. Moore, 732 So.2d 498 (Fla. 1st DCA 1999). Ordering respondent to show cause would resolve whether Ashley has been denied access to an administrative remedy. See, e.g., Ashley v. Moore, 746 So.2d 584 (Fla. 1st DCA 1999) (quashing circuit court’s denial of petition for writ of habeas corpus and holding that Ashley had made a prima facie showing for granting mandamus to require the Department of Corrections to respond to six grievances he had filed).
The order denying the petition for writ of habeas corpus is
QUASHED and REMANDED for further proceedings.
ERVIN, VAN NORTWICK and BROWNING, JJ., CONCUR.

. We construe Ashley's direct appeal as a petition for writ of certiorari.