PER CURIAM.
Alexander C. Wilson appeals the dismissal of his petition for writ of habeas corpus. The trial court’s dismissal was based on appellant’s failure to comply with paragraphs four and six of the trial court’s Case Management Order enforcing the requirement of section 57.085(7), Florida Statutes (1997), a provision of the Prisoner Indigency Statute. In Jackson v. Florida Dep’t of Corrections, 25 Fla. L. Weekly S353, S354, — So.2d-,-, 2000 WL 551034 (Fla. May 4, 2000), the Florida Supreme Court determined that section 57.085(7) is unconstitutional as a violation of the separation of powers and a usurpation of the court’s exclusive rule-making authority. Accordingly, the trial court’s dismissal must be reversed. Upon remand, the trial court is directed to determine whether, even though appellant’s petition is styled as one seeking habeas corpus relief,[1] it should be viewed as a petition for writ of mandamus. See Woul- *1247 lard v. Bishop, 734 So.2d 1151 (Fla. 1st DCA 1999).
REVERSED and REMANDED for further proceedings consistent with this opinion.
JOANOS, LAWRENCE AND VAN NORTWICK, JJ„ CONCUR.

. We note that no filing fees are necessary to obtain a writ of habeas corpus. Art. I, § 13, Fla. Const.