ON MOTION TO ENFORCE MANDATE
PER CURIAM.
Joseph Edward Rowe filed a petition for writ of habeas corpus in circuit court challenging the adequacy of certain gain-time awards. After the circuit court denied the petition, he filed a notice of appeal on May 24, 1999. On the State’s motion, we dismissed his appeal but treated the papers on which the appeal was taken as a petition for writ of certiorari. On May 15, 2000, we granted the petition for writ of certiorari, and remanded with directions that the circuit court treat the petition for writ of habeas corpus as a petition for writ of mandamus. Rowe v. State, 765 So.2d 94 (Fla. 1st DCA 2000). Our mandate issued on May 31, 2000.
On September 18, 2000, Mr. Rowe filed the present motion to enforce mandate, alleging that the trial court had taken no action on his petition. We issued an order directing the State to show cause, on or before November 10, 2000, why the motion should not be granted. The State responded to the order to show cause on November 22, 2000, taking the position that entry of an order to enforce mandate would serve no useful purpose because the trial court had dismissed Mr. Rowe’s petition. On November 17, 2000, the circuit court had, indeed, dismissed the petition pending before it on remand. As grounds, it stated that, because his petition had been converted to a petition for writ of mandamus, Mr. Rowe had either to comply with the requirements of section 57.085, Florida Statutes (1999), or pay a filing fee.
We have previously held that dismissal of a petition for writ of mandamus for noncompliance with section 57.085, Florida Statutes, is error. See Doss v. Florida Dep’t of Corrections, 770 So.2d 207, 207 (Fla. 1st DCA 2000); Wilson v. Moore, 767 So.2d 1246, 1246 (Fla. 1st DCA 2000); Wrisper v. Florida Dep’t of Corrections, 765 So.2d 295, 295-96 (Fla. 1st DCA 2000). Several months before the circuit court dismissed Mr. Rowe’s petition, important parts of section 57.085 were adjudicated unconstitutional. See Jackson v. Florida Dep’t of Corrections, 25 Fla. L. Weekly S353, S354, - So.2d -, -, 2000 WL 33114471 (Fla. May 4, 2000).
Even if dismissal of his petition without consideration of its merits had been contemplated by the mandate, dismissal of the petition was improper, given the circuit court’s outstanding order waiving fees and costs. In accordance with Florida Rule of Appellate Procedure 9.430, Mr. Rowe has been proceeding in forma pauperis in this court on the basis of the circuit court’s order waiving fees and costs, which it entered on his motion to proceed in forma pauperis. Nothing in the record suggests Mr. Rowe’s circumstances have changed since the order finding him indigent was entered.
We therefore grant the motion to enforce the mandate, and direct that the petition for writ of mandamus originally filed as a petition for writ of habeas corpus be reinstated, and that the trial court con *1012 sider the merits of the petition without undue delay.
MINER, BENTON, and BROWNING, JJ., concur.