PER CURIAM.
In a motion labeled a motion for clarification of sentence, the appellant sought additional jail credit from the Department of Corrections asserting that such credit had been awarded by the sentencing court. The court below denied the motion without reaching the merits. The court determined that a postconviction motion is an improper avenue for the relief sought and that the proper avenue to correct such an error is a petition for a writ of mandamus directed at the Department of Corrections which is filed after the petitioner has exhausted his administrative remedies.
While the trial court is correct that the appellant should have raised the jail credit claim in a petition for a writ of mandamus rather than by motion, See Grimes v. State, 657 So.2d 938 (Fla. 1st DCA 1995), a trial court may treat a motion as a petition for a writ of mandamus and grant mandamus relief if it determines that the award of credit by the DOC does not conform to the sentencing order and the defendant has exhausted his administrative remedies. See id.; Ashley v. Moore, 746 So.2d 584 (Fla. 1st DCA 1999). Therefore, we reverse the denial of appellant’s postconviction motion and remand for the court to treat the motion as a petition for a writ of mandamus. At that time, the court should determine whether the appellant has exhausted all available administrative remedies. See Plymel v. Moore, 770 So.2d 242, 246-247 (Fla. 1st DCA 2000).
REVERSED AND REMANDED.
MINER, WOLF and WEBSTER, JJ., CONCUR.