867 So.2d 524 (2004)
Leland AHLERS, Petitioner,
v.
Daniel WILSON and International Restaurant Equipment Co., Respondent.
No. 1D02-4852.
District Court of Appeal of Florida, First District.
February 26, 2004.
*525 Mary L. Wakeman, McConnaughhay, Duffy, Coonrod, Pope & Weaver, P.A., Tallahassee, for Petitioner.
Gregory Stone, Orlando, and Bill McCabe, Longwood, for Respondent Daniel Wilson.
BARFIELD, J.
Leland Ahlers, the owner of International Restaurant Equipment Co. (IREC) at the time the claimant, an employee of IREC, was injured in a work-related accident, appeals an order of the Judge of Compensation Claims (JCC) finding him personally responsible for payment of all benefits awarded to the claimant in the order, notwithstanding that Ahlers had in the meantime sold IREC. Because the parties agree that at the time the claimant was injured, he was not covered by workers' compensation insurance, the employer, as defined in section 440.02(16)(a), Florida Statutes, is subject to the sanctions set out in section 440.06, Florida Statutes.
On June 7, 2000, after the claimant's petition for benefits had been filed, Ahlers signed an agreement with Mack Cartwright, as president of Restaurant Services, Inc. (RSI), in which Ahlers and IREC agreed to sell to RSI "all of the physical assets of Seller from a going business known as International Restaurant Equipment Co. presently located at 1014 Sligh Boulevard, Orlando, Florida 32806," as well as "all of the Sellers' business as a going concern, including the right to use the name `International Restaurant Equipment Co.' and any trade mark or marks associated therewith," for the sum of $400,000 to be paid by a purchase money note payable in full within five years. Ahlers and IREC agreed to indemnify RSI for various damages, expenses, or loss, including claims against IREC "arising from the conduct of the business of the Corporation prior to the Closing Date" or any proceedings "incident to the foregoing." The parties to this appeal appear to agree that by these provisions, Ahlers agreed (in his individual capacity) to indemnify RSI for any expenses arising out of the claimant's workers' compensation claim. Paragraph 14.2 provided that the agreement would be construed according to Georgia law, and Paragraph 12 stated:
In the event the Purchaser or the Sellers fail to perform their obligations hereunder, the other shall have the right (i) to terminate its obligations hereunder by giving written notice of such termination or (ii) to require specific performance of the obligation not performed. Either party has the right to waive the other party's compliance with a condition to Closing and to require specific performance of this Agreement. 30 days Notice.
In August 2000, the claimant apparently learned that the company had been sold, and Ahlers retained an attorney (Thomas E. Mooney) to represent him and IREC in the workers' compensation proceeding. In the parties' September 2000 pretrial stipulation signed by the attorneys, IREC accepted the claimant's accident as compensable, but did not accept the claimant's injuries as compensable, the parties agreed that medical benefits would be handled administratively, and both sides stipulated to timely notice of pretrial and final hearing.
*526 The record on appeal contains no evidence of any further activity in the workers' compensation proceeding until April 18, 2002, when Mooney filed a motion to withdraw as attorney for IREC. Attaching the contract with RSI, Mooney asserted that he had been hired to defend Ahlers and IREC in the workers' compensation proceeding; that in the RSI contract, Ahlers had "agreed to fund the defense of the employer in this workers compensation claim"; that Cartwright had recently ceased making payments on the purchase of the business and had fled the state with all the property in which Ahlers had a secured interest; and that therefore Ahlers "is no longer obligated under the agreement of sale to defend International Restaurant Co. in this workers compensation claim."
On April 22, 2002, Mooney signed another pretrial stipulation in which IREC stipulated to proper notice of the pretrial and final hearing, and disputed the claims for temporary disability and permanent impairment benefits. On April 30, 2002, Mooney's motion to withdraw was granted. The case was thereafter transferred to another JCC, who timely mailed to "International Restaurant Equipment Co., 1014 Sligh Blvd, Orlando Florida 32806" a certified letter notifying IREC of the September 23, 2002, hearing; the letter was eventually returned to the court unsigned. On the same day the JCC's certified letter was sent, the claimant's attorney also prepared an amended notice of the final hearing, certifying that it had been served by mail to the JCC, as well as to "Leland Ahlers and International Restaurant Equipment Co."; the certified mail receipt addressed to Leland Ahlers at his home address was signed by his wife.
At the final hearing, neither Ahlers, nor Mooney, nor any representative of IREC appeared. The JCC considered the live testimony of the claimant, the petitions for benefits and pretrial stipulations, the notices of hearing, Mooney's motion to withdraw, the attached contract for sale of IREC, the order granting Mooney's motion to withdraw, and various documents related to the workers' compensation claims.
Based upon Mooney's assertions in the motion to withdraw and the attached contract for sale of IREC, the JCC found in the final order that Leland Ahlers "is the party that is personally responsible for payment of all benefits awarded in this Order." He found that Ahlers "had proper notice of the scheduled Merits Hearings in this claim and intentionally failed to attend," and imposed "Waiver of Defenses" as a sanction for Ahlers' failure to attend the two hearings. He adopted the parties' two pretrial stipulations, accepted the claimant's testimony as "highly credible," and accepted the opinions of the claimant's treating physician "expressed in his medical records." He determined the average weekly wage and compensation rate, found that the claimant was entitled to temporary disability benefits offset by the indemnity benefits already paid by Ahlers, and awarded $4,933.34 in indemnity benefits, including penalties and interest, reserving jurisdiction on the issue of attorney fees and costs.
The first question to be considered is whether, and under what circumstances, Ahlers is entitled to review of the JCC's order. Because in Florida, the right to appeal is available only to those who were parties to the action in the lower tribunal,[1] Ahlers' filing of a notice of appeal *527 of the JCC's order implies that he was a party below, but he argues in his brief that the JCC did not have jurisdiction to adjudicate him personally responsible for the amounts awarded to the claimant because he was never made a party to the proceedings. However, to obtain certiorari review of an adjudication, a petitioner need not be a party to the proceeding if he or she has an interest in the subject matter which would entitle him or her to such review. See State ex rel. Landis v. Crawford, 104 Fla. 440, 140 So. 333, 335 (1932). See also State ex rel. Boyles v. Florida Parole and Probation Commission, 436 So.2d 207, 210 (Fla. 1st DCA 1983).
We reject the claimant's argument that the JCC acquired jurisdiction over Ahlers, who was not named as a party in the proceeding below, because Ahlers made an appearance in the proceeding through Mooney's motion to withdraw. We treat the notice of appeal as a petition for writ of certiorari, and find that the JCC violated the essential requirements of law by finding Ahlers, who was not a party to the proceeding, personally responsible for payment of all benefits awarded in the final order.[2] The JCC's order is therefore QUASHED to the extent it applies to Ahlers, and the case is REMANDED to the JCC for further proceedings.
WEBSTER, J., concurs.
BROWNING, J., dissents with written opinion.
BROWNING, J., dissents.
I respectfully dissent.
I would affirm the JCC's order, as Ahlers voluntarily submitted himself to the JCC's jurisdiction. See Baker v. Petway, 740 So.2d 1235 (Fla. 1st DCA 1999). From the time Mooney made his appearance, which commenced on April 27, 2000, and continued until his withdrawal on April 30, 2002, he "was retained by Leland Ahlers" to represent "Mr. Ahlers and International Restaurant Equipment Company." Notwithstanding that Mr. Ahlers was not named as a party, he recognized he was the real party in interest and affirmatively protected his interest by retaining an attorney to represent him individually throughout the proceeding. There is no stronger evidence of a party's participation in a proceeding than his retaining an attorney who appears in a proceeding to represent his interest, as Ahlers did here. It seems incredible that Mr. Ahlers now argues that he retained Mr. Mooney to represent his defunct corporation only. Thus, I cannot discern any plausible reason for relieving Ahlers from the consequences of the final order issued in this action he now attempts to renounce, as an "innocent bystander," after some two years of participation in the proceeding, and of his paying Mr. Mooney to represent his interest.
I realize the majority decision does not conclusively bar claimant from subsequent relief. However, even if claimant is able to secure benefits in the future, which I seriously doubt because of a limitations problem, I see no reason on this record for delaying claimant's receipt of benefits that all admit are due to him. Also, unnecessary costs, including attorney's fees, will *528 necessarily follow subsequent litigation that could be avoided by an affirmance of the JCC for the reasons stated.
For these reasons, I would elevate substance over form and affirm the JCC. I respectfully dissent.
NOTES
[1] See Deans v. Wilcoxon, 18 Fla. 531, 1882 WL 3005 (1882) ("As to an appeal or writ of error it is the rule that a party to the proceedings can alone prosecute it"). See also Philip J. Padovano, FLORIDA APPELLATE PRACTICE § 11.2 (2004 ed.). And see 5 Am.Jur.2d Appellate Review § 264.
[2] It should be noted that a person in Ahlers' position who is aggrieved in an Article V court proceeding would have a remedy through Florida Rule of Civil Procedure 1.540 to challenge the civil judgment as void. However, such relief is not available under the current Florida Rules of Workers' Compensation Procedure.