PADOVANO, J.
In this appeal we must decide whether the judge of compensation claims had authority to hold the owner of a corporation liable for workers’ compensation benefits claimed by an employee of the corporation. Because the owner was not named as a party in the petition for benefits and did not receive notice that he could be held personally responsible for the injured worker’s claim against the corporation, we conclude that the judge erred in holding him individually liable.
The claimant, Karl Chepolis, was injured on July 29, 2002, in the course of his employment with Tower Contracting of Miami, a Florida corporation owned and operated by the appellant, Timothy Smith. Chepolis filed a petition for benefits naming Tower Contracting as his employer. Smith was not named in the petition as a party but he participated in the case to some extent, in his capacity as the president of the company.
The petition for benefits proceeded to a hearing on the merits and the claimant ultimately proved that his injury was com-pensable. Following the hearing, the judge of compensation claims entered an order directing “[t]he employer Tower Contracting and/or Timothy Smith” to pay a total of $72,312.78 in benefits, fees, costs, penalties, and interest. This was the first time Smith was named as an individual. The petition for benefits, the pretrial stipulation and the notice of final hearing all listed only Tower Contracting as the employer.
Smith filed a motion to vacate the final order, contending that he could not be required to pay workers’ compensation benefits because he was not the claimant’s employer. The judge of compensation claims rejected this argument and declined to vacate the compensation order. The judge reasoned that the Workers’ Compensation Law defines the term “employer” broadly to include corporate officers like Smith who are in actual control of a corporation. Smith filed a timely appeal to this court to seek review of the ruling.
Our first task is to identify the proper appellate remedy. Smith is no doubt aggrieved by the order awarding benefits, but it is questionable whether he has a right to a plenary appeal, given the fact that he was not a party. As a general principle, the right to appeal is limited to those who were parties to the proceeding in the lower tribunal. See Penabad v. A.G. Gladstone Associates, Inc., 823 So.2d 146 (Fla. 3d DCA 2002); Stas v. Posada, 760 So.2d 954 (Fla. 3d DCA 1999). This rule was designed to prevent an appeal by a new litigant who did not participate in the case in the lower tribunal and was not directly affected by the order.
However, the rule limiting appellate review to the parties in the lower tribunal should not be applied in a purely mechanical way to deny the right to appeal in all circumstances. In some situations, the right to appeal extends to a nonparty. For example, a litigant who is denied the right to intervene may appeal the order *936 denying intervention even though he is not a party. See J.R. v. R.M., 679 So.2d 64 (Fla. 4th DCA 1996); City of Dania v. Broward County, 658 So.2d 163 (Fla. 4th DCA 1995). An order denying a right to intervene directly adjudicates the legal rights of the prospective intervenor.
This case presents a different situation, but the argument for allowing a plenary appeal is no less compelling. It would be illogical to conclude that Smith was denied due process of law because he was not joined in the litigation and had no notice that a judgment might be entered against him, and at the same time to conclude that he has no right to appeal because he is not a party. The very point of his argument on appeal is that he should not have been treated as if he were a party.
We have recognized that a nonparty who is adversely affected by an order may be entitled to review by certiorari. See Ahlers v. Wilson, 867 So.2d 524 (Fla. 1st DCA 2004); State ex rel. Boyles v. Florida Parole and Probation Commission, 436 So.2d 207 (Fla. 1st DCA 1983). It is a short step from these decisions to conclude that a nonparty whose rights are directly adjudicated in a final order has a right to a plenary appeal. In this situation, the non-party should not be left with only a discretionary appellate remedy like certiorari. Because the order at issue directly adjudicates Smith’s rights by imposing personal liability against him, we hold that he has a right to appeal.
On the merits of the case, we find no basis for the imposition of personal liability against Smith. The claimant might have prevailed in an action against Smith had he named him as a party and presented evidence that his corporation was not a legitimate business entity, but that was not the case. Smith was not named as a party in the petition for benefits and he had no notice that the court might order him to pay the claimant workers’ compensation benefits. Consequently, the order requiring him to pay the claim does not meet the basic requirements of due process. See Ahlers, 867 So.2d at 525-527.
The claimant argues that Smith qualified as an employer under the definition in section 440.02(16), Florida Statutes (2002), but the part of the statute the claimant relies on is inapplicable here. The statute provides a general definition of the term “employer” and then in the last sentence offers a much broader definition that applies only in certain kinds of penalty proceedings. This final sentence is the one that was used as a justification for the order in this case:
If the employer is a corporation, parties in actual control of the corporation, including, but not limited to, the president, officers who exercise broad corporate powers, directors, and all shareholders who directly or indirectly own a controlling interest in the corporation, are considered the employer for the purposes of ss. Ipk0.105 or 0.106.
§ 440.02(16), Fla. Stat. (2002) (emphasis added). It is apparent from this language that an officer or shareholder can be treated as an “employer” only in an action under section 440.105 or 440.106. These statutes establish criminal and administrative remedies that may be pursued by the Division of Insurance Fraud or by a state attorney. They do not authorize an injured worker to recover workers’ compensation benefits from a shareholder or director of a corporation in an ordinary petition for benefits like the one in the present case.
The judge of compensation claims found that Timothy Smith had evaded his legal obligations, that he had deceived the claimant into believing that he had insurance, and that he had made various misrepresentations to the court. All of that may be *937 true, but the problem in this case is that Smith was not a party to the action, and he was not given notice that his personal liability was at issue in the case.
For these reasons we reverse the order to the extent that it imposes liability against Timothy Smith in his individual capacity. The part of the order that awards workers’ compensation benefits and other remedies against Tower Contracting of Miami has not been challenged here and it remains in force.
Reversed.
ALLEN and VAN NORTWICK, JJ., concur.