899 So.2d 489 (2005)
Thomas DRIES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-1206.
District Court of Appeal of Florida, Second District.
April 15, 2005.
PER CURIAM.
Thomas Dries appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Dries filed a timely motion for rehearing, which the trial court denied without providing a reason for its denial. We reverse and remand, finding that the trial court abused its discretion in denying Dries' motion for rehearing.
"`While the grant or denial of a motion for rehearing is a matter within the sound discretion of the trial court, it is never an arbitrary discretion.'" Camena Invs. & Prop. Mgmt. Corp. v. Cross, 791 So.2d 595, 598 (Fla. 3d DCA 2001) (quoting Sapphire Condo. Ass'n v. Amerivend Corp., 691 So.2d 600, 601 (Fla. 4th DCA 1997)); see Holl v. Talcott, 191 So.2d 40, 46 (Fla.1966). In this case, Dries filed a motion for postconviction relief in which he presented claims that were either facially insufficient or only marginally sufficient. However, for the purpose of filing a motion for rehearing, Dries retained counsel. The motion for rehearing filed by counsel elaborated on the claims presented by Dries and sought permission to supplement Dries' pro se motion in connection with the request for rehearing. Despite counsel's timely and artfully drafted motion for rehearing, the trial court denied the motion. The trial court did not state a basis for denying the motion, and in reviewing the record we can discern none. We conclude that it was an abuse of discretion for the trial court to deny the motion for rehearing and the attendant opportunity to supplement Dries' pro se motion. Accordingly, we reverse the orders denying Dries' motion for postconviction relief and his motion for rehearing and remand to the *490 trial court for further proceedings consistent with this opinion.
Reversed and remanded.
ALTENBERND, C.J., and SALCINES and KELLY, JJ., Concur.