948 So.2d 75 (2007)
Robert M. STOKES, Petitioner,
v.
FLORIDA DEPARTMENT OF CORRECTIONS, Respondent.
No. 1D06-0114.
District Court of Appeal of Florida, First District.
January 19, 2007.
*76 Robert M. Stokes, pro se, Petitioner.
Charlie Crist, Attorney General, and Alexandria Walters, Assistant Attorney General, Tallahassee, for Respondent.
VAN NORTWICK, J.
Robert M. Stokes, an inmate in the custody of the Florida Department of Corrections (DOC), petitions for a writ of certiorari for review of a circuit court order denying extraordinary relief[1] and an order imposing a lien on petitioner's inmate trust account. We grant certiorari, quash the order imposing a lien and remand the cause.
First, the trial court erred in denying petitioner's motion to vacate the order placing a lien on his prison trust account. The lien was imposed on the authority of section 57.085, Florida Statutes, after petitioner filed his petition in the trial court challenging a disciplinary proceeding which resulted in disciplinary confinement and the loss of gain-time. The lien is not proper. See Schmidt v. Crusoe, 878 So.2d 361 (Fla.2003). As we did in Wagner v. McDonough, 927 So.2d 216, 217 (Fla. 1st DCA 2006), we rejected the argument made to us by the State that recent amendments to sections 57.082(5) and 28.246(4) authorize imposition of the lien.
As for the issues raised by the petition for extraordinary relief filed below, the trial court ruled that the petitioner did not timely file a grievance with the officials of DOC raising the issue of whether a charge for self-mutilation could have been brought against petitioner without a prior determination that petitioner's conduct (cutting his forearm) was not a suicide attempt. Based on our review of the record, we find that the issue was sufficiently raised at the administrative level and hold that the trial court erred in not passing on the merits of this issue. See Woullard v. Bishop, 734 So.2d 1151, 1152 (Fla. 1st DCA 1999).
Rule 33-601.314, section 9-30, Florida Administrative Code, proscribes self-mutilation, which the rule defines as including "self-disfigurement such as body piercing, scarring and other non-life threatening acts." The rule further provides that the "[d]etermination of whether an act constitutes self-mutilation as opposed to a suicide attempt shall be made by health care staff." (bold added).
Following a hearing, the DOC disciplinary team determined that petitioner was guilty of the charged infraction of self-mutilation. Petitioner thereafter filed a grievance which argued, in part:
Sgt. Clark failed to ascertain a clear understanding of the charge (9/30) self mutalation [sic]wherefore the appellant was having a "new-crisis" (mental) and not simply indulging in "body art" to which constitutes self-mutalations [sic][.] Had Sgt. R. Clark given the matter some consideration, referred to chapter 33 Rule Infraction Code, and consulted with medical personnel first[,] this report would not have been written.
(Bold added).
After this initial grievance was denied, petitioner filed a grievance with the Secretary *77 of the DOC, in which he argued, in part:
Sgt. Clark simply failed to fully understand or ascertain the situation before his eyes, before deeming it self mutilation. As well as failed to consult with medical. He had plenty of time to do so between the time of the incident at 18:35 and the time of the disciplinary report was written at 20:30. Furthermore, one is not hospitalized on an ISO ward, administered an IV and placed in a SOS cell under suicide watch for tattooing one's body, meaning self mutilation.
(Bold added).
Generally speaking, pleadings are to be construed favorably to the pleader. See Krantzler v. Board of County Comm'rs, 354 So.2d 126, 129 (Fla. 3d DCA 1978). Furthermore, "liberal construction should be given to pro se pleadings." Tillman v. State, 287 So.2d 693, 694 (Fla. 2d DCA 1973); Thomas v. State, 164 So.2d 857, 857 n. 1 (Fla. 2d DCA 1964); Martinez v. Fraxedas, 678 So.2d 489, 491 (Fla. 3d DCA 1996); Eichelberger v. Brueckheimer, 613 So.2d 1372, 1373 (Fla. 2d DCA 1993); Chancey v. Chancey, 880 So.2d 1281, 1282 (Fla. 2d DCA 2004). Mindful of these precepts, we hold that petitioner did sufficiently grieve the issue of whether the DOC erred in not obtaining a determination by health care staff that petitioner's conduct was not a suicide attempt as mandated by rule 33-601.314.
To the extent the trial court may have found any failure on the part of DOC to abide by rule 33-601.314 to be a de minimis violation, we cannot agree. The requirement that the determination of whether an act was self-mutilation must be made by "health care staff" is an essential one, and DOC, as a state agency, is bound by its own rules. See Marrero v. Department of Prof'l Regulation, 622 So.2d 1109, 1112 (Fla. 1st DCA 1993).
Accordingly, the petition for a writ of certiorari is granted, the order summarily denying petition is quashed, and the matter is remanded to the trial court for further proceedings. Further, as noted, the order imposing a lien on petitioner's inmate account is also quashed, and any funds deducted from that account pursuant to the lien are to be restored.
BROWNING, C.J., and WOLF, J., concur.
NOTES
[1] While the petitioner styled his circuit court petition as a petition seeking certiorari relief, the trial court properly construed it as a petition for mandamus relief. Woullard v. Bishop, 734 So.2d 1151, 1152 (Fla. 1st DCA 1999) (explaining that a petition for writ of mandamus is the appropriate vehicle for review of a prison disciplinary proceeding). Mandamus may lie where a party seeks an agency's compliance of its rules. See Holland v. Wainwright, 499 So.2d 21, 22 (Fla. 1st DCA 1986) ("The writ may be used to compel the performance of a ministerial duty imposed by law where it has not been performed as the law requires."); Plymel v. Moore, 770 So.2d 242 (Fla. 1st DCA 2000).