PER CURIAM.
 

 Walter Mankowski appeals a Final Administrative Support Order of the Department of Revenue, Child Support Enforcement Program, regarding the payment of child support. For the reasons that follow, we reverse.
 

 On September 3, 2008, the Department of Revenue (“DOR”) served appellant with an order advising him that he could file a written request for a hearing “no later than 20 days after the date” of service. The order also noted that appellant could, by telephone, “request informal discussions within 10 days from the date” of service. These informal discussions extended the “time to request a hearing ... until 20 days after” DOR notified appellant in writing that informal discussions were complete. Appellant claims that he contacted DOR by phone on September 17 and that the DOR representative said she would “take care” of his appeal. He also claims to have sent DOR additional documentary evidence of support payments, at the direction of DOR agent, six days later. On appeal, DOR claims it has no record of any informal discussions and that it did not receive the documentary evidence until after it rendered its final order.
 

 We note that the time limit for requesting an administrative hearing is not a jurisdictional requirement and may be extended as equity requires.
 
 Brown v. State, Dep’t of Fin. Servs.,
 
 899 So.2d 1246,
 
 *715
 
 1247 (Fla. 4th DCA 2005). Appellant claims that he initiated informal discussions and followed DOR’s oral instructions to secure a hearing.
 
 [1]
 
 Because appellant is proceeding pro se, we can give him some latitude in his handling of this case.
 
 Stokes v. Fla. Dep’t of Corr.,
 
 948 So.2d 75, 77 (Fla. 1st DCA 2007) (noting that pro se litigants are given substantial leeway in litigation, including favorable construction of their pleadings).
 

 We believe that these factual issues are, in part, the natural result of DOR’s own system of “informal discussions.” Equity leads us to err on the side of caution and reverse and remand for further proceedings consistent with this opinion.
 

 Reversed and Remanded with Instructions.
 

 WARNER, FARMER and LEVINE, JJ., concur.
 

 [1]
 

 . Informal telephone conversations cannot be documented to the same extent as written notices, motions, and pleadings. DOR has created a system whereby informal conduct with minimal (if any) documentation can have a substantial affect on a party’s rights.