PER CURIAM.
In this mortgage foreclosure case, Jerome N. Ezem (“Appellant”), a nonparty, appeals the orders denying his motions to stop the foreclosure sale of his wife’s home, and for intervention. For the reasons that follow, we reverse and remand with directions that the trial court permit Appellant to intervene in the proceedings.
In November 2007, Gladys C. Ezem (“Mrs. Ezem”) executed a note and mortgage in favor of J.P. Morgan Chase Bank, N.A. (“Chase”); she executed the mortgage as “a single woman.”
Eventually, Federal National Mortgage Association (“Fannie Mae”) acquired Chase’s interests in the note and mort *343 gage, and when Mrs. Ezem failed to make her July 2010 mortgage payment, they initiated foreclosure proceedings by filing a complaint on May 13, 2011. Mrs. Ezem filed a pro se answer to the complaint, making only general admissions and denials, but raising no affirmative defenses. Following an impasse in mediation, Fannie Mae moved for summary judgment. Mrs. Ezem failed to file a response, and on December 5, 2012, the trial court granted the motion. The foreclosure sale was scheduled for March 6, 2013; no appeal was taken.
Appellant first appeared (pro se) in the proceedings on February 6, 2013 — approximately two months after the entry of the summary final judgment — by filing a “Motion/Application for an Injunction Restraining Mrs. Gladys Ezem, JP Morgan Chase and Seterus Inc. from Wrongful Sale or Foreclosure of Family Home with Children as Heirs to the Property” (“Injunction Motion”). In his motion, Appellant attached his marriage certificate, showing he was married to Mrs. Ezem in 1990, and declared that Chase was violating the laws of community property, and that his wife had bought the home “amidst false documentations, allegations, and threats.” The trial court denied the motion.
Five days before the scheduled sale, Appellant filed another motion: “Motion to Stop Foreclosure Sale and Simultaneously Motion for Hearing RE foreclosure sale” (“Stop Foreclosure Motion”). In this motion, he argued that although he was not named as a party to the foreclosure proceedings, as Mrs. Ezem’s spouse, he shared joint ownership of the home. He specifically requested that he be allowed to be included as a party to the proceedings. Attached to this motion was a “Motion to Set Aside Judgment of Foreclosure and Sale of Family Property Dated December 4, 2012 in Case No. 162011-CA003773-FCE.” This document does not appear to have been previously filed with, or ruled upon, by the trial court. In it, Appellant complained that he was never served with any of the motions prior to trial or final judgment, that the mortgage had false documentation from its inception, and that the trial court failed to grant him a hearing. As it did with the Injunction Motion, the trial court simply denied it.
The foreclosure sale commenced as scheduled. Fannie Mae successfully bid on the home and was issued a certificate of title on March 21, 2013. Appellant timely appealed the orders denying his Injunction Motion and Stop Foreclosure Motion.
Preliminarily, we note that Appellant’s Injunction Motion and Stop Foreclosure Motion both seek relief from the summary final judgment, which must be sought under Florida Rule of Civil Procedure 1.540(b). See Bank of Am., N.A. v. Lane, 76 So.3d 1007, 1008 (Fla. 1st DCA 2011).
But Appellant could only seek relief from judgment if he were an actual party to the proceedings below. See Smith v. Chepolis, 896 So.2d 934, 935-36 (Fla. 1st DCA 2005) (“As a general principle, the right to appeal is limited to those who were parties to the proceeding in the lower tribunal.”). Appellant arguably sought to become a party to the proceedings when, five days before the scheduled sale, he filed the Stop Foreclosure Motion, in which he first specifically requested he be allowed to be included as a party with an interest in the proceedings. Because he is pro se, despite their lack of “magic words,” Appellant’s filings were entitled to be liberally construed to seek the proper relief. See Stokes v. Fla. Dep’t of Corr., 948 So.2d 75, 77 (Fla. 1st DCA 2007) (citing cases). But the trial court simply denied the motion.
Because Appellant was never made a party to the proceedings, he cannot properly seek relief from the summary *344 final judgment in this appeal. What can be reviewed, however, is the trial court’s denial of his request to intervene in the proceedings. See Chepolis, 896 So.2d at 935-36. For the reasons outlined below, the trial court abused its discretion when it denied Appellant’s request for intervention. At the minimum, intervention and an evidentiary hearing are required to resolve any factual disputes regarding the validity of the final judgment of foreclosure.
We review the denial of a motion to intervene for an abuse of discretion. Litvak v. Scylla Props., LLC, 946 So.2d 1165, 1172 (Fla. 1st DCA 2006). Under Florida Rule of Civil Procedure 1.230, which governs intervention:
Anyone claiming an interest in pending litigation may at any time be permitted to assert a right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion.
(Emphasis added). “A person seeking to intervene must claim an interest ‘of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment.’” Litvak, 946 So.2d at 1172 (internal citation omitted); Kissoon v. Araujo, 849 So.2d 426, 429 (Fla. 1st DCA 2003). While intervention after judgment, or as final judgment is being entered, is extraordinary and disfavored, PS Capital, LLC v. Palm Springs Town Homes, LLC, 9 So.3d 643 (Fla. 3d DCA 2009), it is authorized “when the ends of justice require it be granted.” Wags Transp. Sys., Inc. v. City of Miami Beach, 88 So.2d 751, 752 (Fla.1956) (permitting intervention by non-party but similarly-situated homeowners because “[n]othing is more sacred to one than his home” where proposed intervenors, residential homeowners, sought to join an appeal from a court order commercializing the entire zoning district where they lived). This appears to be one of those situations.
Appellant has asserted the requirement for intervention because he potentially has a homestead interest in the property as Mrs. Ezem’s husband. While Appellant never explicitly claimed homestead protection in either of his two motions, these pro se filings impliedly do so because of his marriage to Mrs. Ezem at the time the home was “fraudulently” purchased. He also claimed he shared ownership of the property because of his marriage to Mrs. Ezem; that the property was the matrimonial home where he currently resides with the parties’ minor child; and that the home was “community property.” He attached a copy of the purported marriage certificate, showing a September 1990 marriage date.
Article X, section 4 of the Florida Constitution protects a homestead from forced sale, and Florida courts have emphasized that the homestead exception is to be liberally construed in the interest of protecting the family home against the claims of creditors. Coy v. Mango Bay Prop. & Inv., Inc., 963 So.2d 873, 876 (Fla. 4th DCA 2007). Under the intervention rule, the foreclosure of Appellant’s potential interest in the homestead qualified as an interest “of such a direct and immediate character that the intervener will gain or lose by direct legal operation and effect of the judgment,” Litvak, 946 So.2d at 1172, entitling him to seek intervention. The fact that Appellant does not hold record title to the property is immaterial, because “[r]ecord title is not a prerequisite to a finding that the property is homestead. Homestead status may derive from the husband’s beneficial interest as head of the family in a marital home titled in his wife’s name.” Heiman v. Capital Bank, 438 So.2d 932, 933 (Fla. 3d DCA 1983).
While it is true that a pre-existing lien— such as a mortgage — has priority over the *345 exemption, if Mrs. Ezem was married to Appellant at the time she executed the mortgage document as “a single woman,” she could only have mortgaged her interest in the property with Appellant’s consent. See art. X, § 4(c), Fla. Const. (“The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage....”) (emphasis added). See also Heath v. First Nat’l Bank in Milton, 213 So.2d 883, 887-88 (Fla. 1st DCA 1968) (a mortgage against a homestead is void if it is not joined by the mortgagor’s spouse); Clemons v. Thornton, 993 So.2d 1054 (Fla. 1st DCA 2008) (“A purported transfer of the homestead, not in compliance with constitutional requirements, is void.”); Gotshall v. Taylor, 196 So.2d 479, 481 (Fla. 4th DCA 1967) (“If the requirements of the Constitution and the statutes are not complied with in alienating homestead real estate, the attempt is a nullity as to the heirs of the homestead, and also as to a husband and wife and between them and between the parties and is void ab initio, and subsequent events will not breathe life into it.”); but cf. Pitts v. Pastore, 561 So.2d 297 (Fla. 2d DCA 1990) (failure of a spouse to join in the alienation of homestead property does not render a mortgage void, but simply ineffectual as a lien until the property loses its homestead status).
Appellant’s allegations are that Mrs. Ezem did not have his consent to alienate his interest in the property. The assertion that she “secretly” mortgaged the property with “fraudulent” documents,[1] if true, would affect his legal and beneficial interests in the property. Under Florida law, all persons materially interested, either legally or beneficially, in the subject matter of a foreclosure suit, and who will be directly affected by an adjudication in such an action, are necessary parties to the suit. See Lambert v. Dracos, 403 So.2d 481 (Fla. 1st DCA 1981). On the record evidence presented, Appellant has demonstrated a legal and beneficial interest in the proceeding that would be directly affected by the final adjudication. At the minimum, he is entitled to a hearing on his claimed interest. Accordingly, we REVERSE with directions to allow Appellant to intervene.
REVERSED and REMANDED.
WOLF, BENTON, and MAKAR, JJ, concur.

. Appellant’s claimed marriage to Mrs. Ezem raises factual questions to be resolved by the trial court as to whether there was some bad faith on the part of Mrs. Ezem only, or in collusion with Appellant, to say she was a single woman when she purchased the property. The constitutional protection of homestead, however, yields only to the enumerated exceptions. Butterworth v. Caggiano, 605 So.2d 56 (Fla. 1992) (construing the three exceptions to the homestead exemption allowed by article X, section 4); see Havoco of America, Ltd. v. Hill, 790 So.2d 1018 (Fla.2001) (holding that Florida’s homestead exemption protects a homestead even where a bankruptcy debtor intended to defraud his creditors by converting nonexempt property to exempt property).