NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


RONALD PRESSLEY,      )
       )
    Appellant,    )
       )
v.      )    Case No. 2D16-5506
       )
STATE OF FLORIDA,    )
       )
    Appellee.    )
_____)

Opinion filed March 28, 2018.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Hillsborough County; Michelle Sisco,
Judge.

Ronald Pressley, pro se.

Pamela Jo Bondi, Attorney General
Tallahassee, and Donna S. Koch,
Assistant Attorney General, Tampa, for
Appellee.


PER CURIAM.

         Ronald Pressley appeals a final order denying his motion filed pursuant to

Florida Rule of Criminal Procedure 3.850.  Because the postconviction court overlooked

Pressley's assertion of a claim related to the sentence imposed following the revocation of his community control in 2016, we reverse and remand for further proceedings.

In 1993, a jury convicted Pressley of second-degree murder (count one), and he subsequently pleaded guilty to possessing a firearm as a convicted felon (count two). The trial court sentenced him to forty years in prison on count one, to be followed by a consecutive, statutory-maximum term of thirty years in prison as a habitual felony offender (HFO) on count two; the sentence on count two was to be suspended after twenty years, with the remaining term to be served as two years of community control followed by eight years of probation. In the rule 3.850 motion underlying this appeal, Pressley asserted that his sentence on count one had expired in October 2012. In its answer brief in this appeal, the State asserts that according to the Department of Corrections, the sentence expired on November 5, 2012.

Regardless, on June 1, 2015, in a rule 3.800(a) proceeding, the postconviction court rendered an amended judgment and sentence reimposing the thirty-year split sentence on count two but ordering that it run concurrently with the sentence on count one. Two days later, Pressley was released from prison onto community control on count two.

Soon after his release, however, Pressley was alleged to have violated his community control. The court revoked his community control and sentenced him (on count two only) to thirty years in prison as an HFO with credit for 22.6 years for time

served. This court affirmed without opinion Pressley's appeal of the revocation.[1] Pressley v. State, 232 So. 3d 332 (Fla. 2d DCA 2017) (table decision).

In his rule 3.850 motion, Pressley asserted that his counsel at the 2015 resentencing had been ineffective for failing to object that the reimposition of his thirty-year split sentence on count two (twenty years in prison followed by two years of community control followed by eight years of probation), after he had already spent more than twenty-two years in prison, would result in an illegal total sentence in excess of the thirty-year statutory maximum. The postconviction court denied Pressley relief, concluding that because his community control had been revoked, he was no longer serving his original thirty-year split sentence but was serving a new thirty-year incarcerative sentence against which he had received credit for all of his time served, and, therefore, he could not establish prejudice.

Pressley moved for rehearing, arguing that he had been prejudiced because, having spent more than twenty-two years in prison and taking into account gain-time credit, he had served his entire thirty-year sentence on count two and, therefore, should have been "released from the DOC on May 27, 2015[,] without any supervision to violate." The postconviction court denied rehearing, and this appeal followed.

Pressley's arguments in the postconviction court and on appeal have hardly been models of clarity. Affording them the liberal construction due pro se pleadings, however, see Tillman v. State, 287 So. 2d 693, 694 (Fla. 2d DCA 1973), and

_____

[1]In that appeal, Pressley challenged, on various grounds, the evidence presented at the revocation hearing.

- 3 -

having carefully reviewed the entire record, we conclude that at core, Pressley is arguing that the 2016 sentence imposed upon revocation of his community control is illegal because, at his 2015 resentencing hearing, the trial court erroneously failed to apply credit to his sentence on count two, and, consequently, he should never have been on community control to violate in the first place. The postconviction court plainly—and understandably—missed that aspect of Pressley's claim.

Accordingly, we reverse the order denying Pressley's rule 3.850 motion and remand for the postconviction court to consider the merits of Pressley's claim concerning the legality of his 2016 sentence, upon which we express no opinion. See Dries v. State, 899 So. 2d 489, 489-90 (Fla. 2d DCA 2005) (reversing order denying motion for postconviction relief where motion for rehearing clarified basis for movant's claims). To the extent that the postconviction court determines that the pleadings are facially insufficient with respect to that claim, it should give Pressley the opportunity to amend.

Reversed; remanded with instructions.


KHOUZAM, SALARIO, and ROTHSTEIN-YOUAKIM, JJ., Concur.